[No. 7228–5–I.   Division One.   February 19, 1980.]

THE STATE OF WASHINGTON, *Respondent*, v. KENNETH
W. KENNISON, *Appellant.*

*Anna Mari Sarkanen* of *Seattle–King County Public
Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *William P.
Harris, Deputy,* for respondent.

RINGOLD, J.—Kenneth W. Kennison appeals an order adjudging him to be a juvenile offender guilty of robbery in the first degree.

The sole issue presented on this appeal is whether the adjudicatory hearing was held within the time required by JuCR 7.8.[1] We answer in the affirmative.

On August 28, 1978, a Seattle grocery store was robbed and Kennison was identified as one of the participants. On September 26, 1978, an information was filed charging Kennison with first-degree robbery and asking the juvenile court to decline jurisdiction in the case. Kennison's arraignment on this and another unrelated charge was held on September 27, 1978. At the arraignment defense counsel asked that the decline hearing be set off for no less than 5 weeks because the case required considerable investigation. The decline hearing was set for November 15, 1978, and jurisdiction was retained on that date. On November 15,

---

[1]JuCR 7.8 states in relevant part:

"(a) **Responsibility of Court.** It shall be the responsibility of the court to insure to each person charged with a juvenile offense an adjudicatory hearing in accordance with the provisions of this rule.

"(b) **Time Limits.** The adjudicatory hearing on a juvenile offense shall begin within 60 days following the juvenile's arraignment in juvenile court on the charges contained in the information. If the alleged juvenile offender is held in detention pending the adjudicatory hearing, the hearing shall begin within 30 days following the juvenile's arraignment in juvenile court on the charges contained in the information.

"(c) **Excluded Periods.** The following periods shall be excluded in computing the time for the adjudicatory hearing:

"(1) All proceedings related to the competency of the alleged juvenile offender to participate in the hearing.

"(2) Preliminary proceedings and an adjudicatory hearing on another charge.

"(3) Delay granted by the court pursuant to section (d).

"(4) The time between the dismissal and the refiling of the same charge.

"(d) **Continuances.** Continuances or other delays may be granted as follows:

"(1) On motion of the alleged juvenile offender on a showing of good cause.

". . .

"(f) **Dismissal With Prejudice.** If the adjudicatory hearing on a juvenile offense is not held within the time limits in this rule, the information shall be dismissed with prejudice."

1978, after the decline hearing, the trial court set the adjudication hearing for December 14, 1978, without objection by Kennison's counsel.[2]

On December 7, 1978, Kennison filed a motion to dismiss for denial of a speedy trial. The motion was subsequently denied on the ground that defense counsel violated his duty to correct the court when the erroneous trial date was set. The trial court found Kennison guilty of first–degree robbery.

The language of JuCR 7.8 is similar to that of former CrR 3.3[3] prior to its 1978 amendment. Whenever possible, similar provisions in speedy trial rules applicable to the superior courts and courts of limited jurisdiction should be construed in a consistent manner. *State v. Mack,* 89 WN.2d 788, 576 P.2d 44 (1978). This same policy applies when considering juvenile court rules. Under former CrR 3.3, counsel had no duty to inform the court of a violation of the speedy trial time limits. *State v. White,* 23 Wn. App. 438, 441–42, 597 P.2d 420 (1979). Counsel, therefore, has no

---

[2]November 26, 1978, was the 60th day after arraignment.

[3]Former CrR 3.3 stated in relevant part:

"**(a) Responsibility of Court.** It shall be the responsibility of the court to insure to each person charged with crime a speedy trial in accordance with the provisions of this rule.

"**(b) Time Limit.** A criminal charge shall be brought to trial within 90 days following the preliminary appearance.

" . . .

"**(d) Excluded Periods.** The following periods shall be excluded in computing the time for trial:

" . . .

"(3) Delay granted by the court pursuant to section (e).

" . . .

"**(e) Continuances.** Continuances or other delays may be granted as follows:

"(1) On motion of the defendant on a showing of good cause.

" . . .

"**(g) Dismissal With Prejudice.** A criminal charge not brought to trial as required by this rule shall be dismissed with prejudice."

such duty under similarly worded JuCR 7.8. Although the trial court erroneously found such a duty when denying the motion to dismiss, we affirm that ruling on other grounds. *State v. Carroll*, 81 Wn.2d 95, 500 P.2d 115 (1972).

■ A decline hearing on a felony must occur within 14 days after the information is filed, but that time may be extended for good cause. JucR 8.1(b).[4] The time necessarily involved in hearing pretrial proceedings is not excluded from the computation of the time for trial or adjudication hearing unless the time for that proceeding is specially named as an excluded period in the rule. *State v. DeLong*, 16 Wn. App. 452, 455, 557 P.2d 14 (1976). JuCR 7.8 does not expressly exclude the time required for a decline hearing, and therefore the 14 days in which the decline hearing should occur are not excluded. Delays of that hearing, however, are excluded when they are granted by the court on the motion of the alleged offender on a showing of good cause. JuCR 7.8(c)(3) and (d)(1); *State v. Dowell*, 16 Wn. App. 583, 557 P.2d 857 (1976).

Fourteen days after the filing of the information was October 10, 1978. The delay caused by the defense request for a delayed setting of the decline hearing was from October 10 until November 15, a period of 36 days. The adjudicatory hearing began on December 14, 1978, 78 days after arraignment. Exclusion of 36 days, however, places the hearing on the 42nd day, well within the 60-day time limit in JuCR 7.8.

---

[4]The juvenile court may decline jurisdiction over an alleged juvenile offender. JuCR 8.1(a), (b) provides:

"(a) **Initiating Decline Hearing.** If required or requested pursuant to RCW 13.40.110, a decline hearing shall be scheduled and held separate from and prior to the adjudicatory hearing.

"(b) **Time for Hearing in Felony Cases.** In any case where declining jurisdiction would allow criminal prosecution [as an adult] for a felony, the decline hearing shall be held within 14 days after the information is filed unless the time is extended by the court for good cause."

400

Affirmed.

CALLOW, C.J., and JAMES, J., concur.