[No. 3283-3-III. Division Three. February 28, 1980.]

THE STATE OF WASHINGTON, *Respondent*, v. RODNEY E. WRASPIR, *Defendant*, LARRY J. COLLINS, *Appellant*.

---

458

*Nels A. Hansen* and *Collins & Hansen,* for appellant.

*Paul A. Klasen, Jr., Prosecuting Attorney,* and *Ken Jorgensen, Deputy,* for respondent.

MUNSON, J.—Defendants Wraspir and Collins were charged with possession of a controlled substance. After an omnibus hearing, an order was entered suppressing the controlled substance as the product of an illegal search. The State successfully appealed; we remanded for trial, *State v. Wraspir,* 20 Wn. App. 626, 581 P.2d 182 (1978). The morning the trial was to begin, the defendants moved for dismissal pursuant to CrR 3.3; the motion was denied. At·the conclusion of the State's case, defendants moved for a dismissal on the basis of insufficient evidence to show the

defendants had control and dominion over the premises where the controlled substance was found; the motion was denied. A jury found them guilty. Only the defendant, Larry Collins, appeals.

The first issue relates to whether defendants were entitled to an order of dismissal for failure to bring them to trial within 90 days pursuant to CrR 3.3 as that rule existed in April 1977.[1] We set forth chronologically the dates for purposes of clarity:

---

[1]CrR 3.3 as in effect in 1977:

"(a) **Responsibility of Court.** It shall be the responsibility of the court to insure to each person charged with crime a speedy trial in accordance with the provisions of this rule.

"(b) **Time Limit.** A criminal charge shall be brought to trial within 90 days following the preliminary appearance.

"(c) **Priority Over Civil Cases.** Criminal trials shall take precedence over civil. A defendant unable to obtain pretrial release shall have priority and the charge shall be brought to trial within 60 days following the preliminary appearance.

"(d) **Excluded Periods.** The following periods shall be excluded in computing the time for trial:

"(1) All proceedings relating to the competency of the defendant to stand trial.

"(2) Preliminary proceedings and trial on another charge.

"(3) Delay granted by the court pursuant to section (e).

"(4) Delay in justice court resulting from a stipulated continuance made of record.

"(5) The time between the dismissal and the refiling of the same charge.

"(e) **Continuances.** Continuances or other delays may be granted as follows:

"(1) On motion of the defendant on a showing of good cause.

"(2) On motion of the prosecuting attorney if:

"(i) the defendant expressly consents to a continuance or delay and good cause is shown; or

"(ii) the state's evidence is presently unavailable, the prosecution has exercised due diligence, and there are reasonable grounds to believe that it will be available within a reasonable time; or

"(iii) required in the due administration of justice and the defendant will not be substantially prejudiced in the presentation of his defense.

"(3) The court on its own motion may continue the case when required in the due administration of justice and the defendant will not be substantially prejudiced in the presentation of his defense.

"(f) **Absence of Defendant.** If and in event the defendant is absent and thereby unavailable for trial or for any pretrial proceeding at which his presence is required, the time period specified in section (b) or (c) shall start to accrue anew upon defendant's being actually present in the county wherein the criminal charge is pending, and his presence appearing upon the record of the court.

460

| | |
|---|---|
| January 24, 1977 | An information filed in Superior Court. |
| January 28, 1977 | A preliminary appearance or arraignment of the defendant Collins. |
| February 4, 1977 | Trial set for April 6, 1977. |
| March 22, 1977 | Court orally granted defendant's motion to suppress. |
| April 18, 1977 | Formal order suppressing evidence presented by the deputy prosecuting attorney and signed by the trial judge. |
| April 27, 1977 | 90 days expired from preliminary appearance. |
| May 6, 1977 | An order acknowledging that the suppression of the evidence substantially terminated the State's case was entered, thus permitting the State to proceed with an appeal. |
| May 12, 1977 | State filed its notice of appeal and the order of suppression. |
| July 6, 1978 | Court of Appeals opinion reversing the order of suppression was filed. |
| July 27, 1978 | Mandate returning case to Grant County Superior Court was entered. |
| September 1, 1978 | The matter set for trial September 5, 1978. |
| September 5, 1978 | Defendants filed their motion for dismissal; the jury was selected; motion was argued and denied; trial proceeded forthwith. |

It is undisputed that the 90–day rule applies since these defendants were not confined. Pursuant to CrR 3.3 as written and interpreted in 1977, the 90 days began on the date of the defendants' preliminary appearance, January 28, 1977. The pretrial hearing on the motion for suppression was timely. The trial date of April 6, 1977, however, was apparently vacated because of the oral pronouncement of

---

"(g) Dismissal With Prejudice. A criminal charge not brought to trial as required by this rule shall be dismissed with prejudice."

suppression, although there is nothing of record explaining why it was vacated.

■ Prior to the adoption of the present rules on appeal, the State's right to seek review from an order suppressing evidence was limited to the application for a writ of certiorari if the suppression order stated therein that it effectively abated, determined or discontinued the action. For a historical review of this procedure, *see State v. LeRoy,* 84 Wn.2d 48, 50, 523 P.2d 1185 (1974); *State v. Whitney,* 69 Wn.2d 256, 418 P.2d 143 (1966); and *State v. Rook,* 9 Wn. App. 826, 515 P.2d 830 (1973). With this history in mind, when the Supreme Court adopted the present Rules of Appellate Procedure, the court specifically provided in RAP 2.2(b)(2):

> The State or a local government may appeal in a criminal case only from the following superior court decisions and only if the appeal will not place the defendant in double jeopardy:
>
> . . .
>
> (2) . . . A pretrial order suppressing evidence, *if the trial court expressly finds that the practical effect of the order is to terminate the case.*

(Italics ours.)

Here, the pretrial order suppressing the evidence, dated April 18, 1977, does not expressly provide that it had the effect of terminating the prosecution. Such an order was not entered until May 6, 1977, and a notice of appeal from that April 18 order was not taken until May 12. Thus, the period of time elapsing from the preliminary appearance until the order suppressing the evidence was entered was 80 days; the period of time from the preliminary appearance until the order terminating plaintiff's case was 98 days.

In *State v. Mack,* 89 Wn.2d 788, 793, 576 P.2d 44 (1978), the court expressly held that CrR 3.3 and JCrR 3.08 were designed "to *protect* but not *guarantee*" the constitutional right to speedy trial. The court, in the context of the facts,

sought to define "'good cause' to justify delayed trial settings" and to review some of the excluded periods and continuances provided in CrR 3.3. It noted that the rule and its counterpart JCrR 3.08 for courts of limited jurisdiction should be construed consistently. In *State ex rel. Moore v. Houser,* 91 Wn.2d 269, 272, 588 P.2d 219 (1978), the court in commenting on *Mack* stated:

> In *Mack* we held that a clear violation of JCrR 3.08 *absolutely terminates litigation with prejudice.* Because of the *terminating effect* we further held that extraordinary relief is proper to review the denial of a motion to dismiss for violation of JCrR 3.08.

Furthermore, in *State ex rel. Moore v. Houser, supra* at 274, the court rejected the contention that the *presence of prejudice* in an individual case need be shown by noting "dismissal is *required* by JCrR 3.08 *whether a defendant is prejudiced or not.* Under JCrR 3.08 the question is not *prejudice* but an absolute time limit set by rule." *See also State v. Williams,* 87 Wn.2d 916, 557 P.2d 1311 (1976).

A defendant must move for dismissal prior to going to trial, *State v. Williams,* 85 Wn.2d 29, 32, 530 P.2d 225 (1975). Here, the date for setting the case for trial was September 1, 1978; trial was set for September 5. On September 1, defense counsel was willing to have a continuance granted until November due to his busy calendar; the trial judge declined that invitation because the defendants were not present. This was proper.

On the day of trial, the defendants filed their motion to dismiss. The time between the filing of the mandate of this court and the trial setting date, some 35 days, provided ample time for the defendants to make their motion. Because the motion was filed the day of trial, the trial judge had no opportunity to study the merits of the motion, and it would appear, did not perceive that the defendants were urging the time period in 1977. The trial judge instead concentrated on the period from the mandate, which brought the case within the proper time period and within the present provision of the rule, CrR 3.3(b)(4), relating to

retrials "following a mistrial, an order for a new trial, or an appeal or collateral attack . . ."

■ If this court had the right to "bend" this rule, we would do so here on the basis that the motion was not timely, having been filed the day of trial. However, the appellate courts have been most definite in adhering to the rule, stating that once the time limits have expired, a defendant is entitled to a dismissal. *State v. Jack,* 87 Wn.2d 467, 469, 553 P.2d 1347 (1976). Thus, we are constrained to hold that without some explanation of record why the order suppressing the evidence did not designate that the State's case was effectively abated or terminated or why that language was not present, we have no choice but to hold that the time limits prescribed by CrR 3.3 continued to run and had expired prior to the entry of the May 6 order terminating the State's case. *See State v. McNeil,* 20 Wn. App. 527, 582 P.2d 524 (1978).[2]

Thus, under CrR 3.3(g), as promulgated during 1977, appellant Collins was entitled to have his case dismissed with prejudice. Having so concluded, we need not reach the other allegations of error urged by appellant Collins.

The judgment is reversed and the case as to appellant Larry Collins is dismissed.

GREEN, C.J., and McINTURFF, J., concur.

---

[2]If the defendants had filed their motion, while the prior appeal was pending, they could have saved the trial court and this court considerable expenditure of judicial time, since the 90 days had expired prior to the State filing its notice of appeal. However, had the defendants gone to trial and any part of the proceeding, beginning with the selection of the jury, progressed, this court would have been inclined to deny the motion as not having been brought "prior to trial."