[No. 13396–9–I.   Division One.   July 19, 1984.]

THE STATE OF WASHINGTON, *Respondent,* v. DAVID
JAMES FREEMAN, *Appellant.*

*Jonathan S. Cole* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Thornton Hatter* and *Rexanne Gibson, Deputies,* for respondent.

SCHOLFIELD, J.—David J. Freeman appeals his juvenile court conviction for criminal trespass in the first degree, alleging the trial court erred in denying his motion to dismiss for violation of Juvenile Court Rule 7.8. We affirm.

Mr. Freeman was charged on January 12, 1983 and arraigned on January 26, 1983. His scheduled case–setting hearing was stricken by agreed order and his fact–finding hearing set for March 17, 1983.

On March 17, 1983, Mr. Freeman's counsel agreed to a continuance until April 28, 1983. An order was entered the following day, stating: "Court congestion requires continuance." The 60–day period following Mr. Freeman's arraignment expired on March 27, 1983.

On April 29, 1983, the trial court denied Mr. Freeman's motion to dismiss for violation of the speedy trial rule. In making this motion, Mr. Freeman's counsel stated:

> The Fact Finding in Mr. Freeman's case was originally set for March 17th. On that day, I had two fact findings, and towards the middle of the afternoon, as I was about to be called into the other one, the other case, I was informed by the Court, as was the Prosecutor, that Mr. Freeman's case would not be going in—there were simply too many trials set for that day. Therefore, to allow the witnesses to leave, and not spend the afternoon in court for nothing, the Prosecutor and I went to make out an order, went back and got a trial date, came out, released the witnesses; I gave my client a copy of the order, and went immediately into court on the second fact finding. There was no mention of a waiver of speedy trial, at that time, and quite frankly, the question did not enter my mind. I had one foot in the courtroom on my second trial. At that time, I put the file away and did not look at it again until I started preparing for yesterday's fact finding, several weeks ago.

Although the court denied the motion, it found that Mr.

Freeman's counsel did not know of the speedy trial issue when she concurred in the continuance order. Mr. Freeman was found guilty at a later fact–finding hearing.

JuCR 7.8 is the juvenile speedy trial rule. It provides in pertinent part:

> **(b) Time Limits.** The adjudicatory hearing on a juvenile offense shall begin within 60 days following the juvenile's arraignment in juvenile court on the charges contained in the information. . . .
>
> **(c) Excluded Periods.** The following periods shall be excluded in computing the time for the adjudicatory hearing:
>
> . . .
>
> (3) Delay granted by the court pursuant to section (d).
>
> . . .
>
> **(d) Continuances.** Continuances or other delays may be granted as follows:
> (1) On motion of the alleged juvenile offender on a showing of good cause.
> (2) On motion of the prosecuting attorney if:
> (i) the alleged juvenile offender consents to a continuance or delay and good cause is shown; . . .

Mr. Freeman contends that "court congestion" does not constitute good cause. We agree. However, even though the order granting the continuance cited "court congestion", we find that the real reason for the continuance was that Mr. Freeman's counsel was unable to try her two fact–finding hearings scheduled for that day.

██ Continuances should be sought or entered upon formal motion, with the reasons therefor made a matter of record. *State v. Williams,* 85 Wn.2d 29, 32, 530 P.2d 225 (1975). Failure to seek or enter a continuance upon formal motion, with the reasons therefor set forth in the order, does not nullify the proceeding, however, if a record of the proceeding and reasons for the continuance are otherwise made. *State v. Colbert,* 17 Wn. App. 658, 663, 564 P.2d 1182 (1977). The trial court is required to furnish a record of its reasons for failing to comply with the time limits of the speedy trial rules for two purposes: (1) to furnish a basis for appellate review of its discretion, and (2) to artic-

ulate the facts upon which the court acted so that appellate review may provide guidance concerning the appropriate factors justifying delay. *State v. Williams,* 87 Wn.2d 916, 920, 557 P.2d 1311 (1976). Because the purpose of the record requirement is to facilitate appellate review, we hold that an appellate court, in reviewing a continuance, may examine not only the reasons set forth in the continuance order, but also the entire record.

It is clear to us from the statement of Mr. Freeman's counsel that she agreed to the continuance with the consent of Mr. Freeman and that the real reason for the continuance was that she had two fact–finding hearings set for that afternoon. This leaves the issue of good cause. We hold that insufficient time for a defense attorney to try two trials scheduled for the same afternoon constitutes good cause.

We affirm Mr. Freeman's conviction on a second ground. We find that his counsel waived any objection to a speedy trial violation because she failed to object within 10 days to the trial date set beyond the 60–day rule of JuCR 7.8.

JuCR 1.4(b) provides:

> The Superior Court Criminal Rules shall apply in juvenile offense proceedings when not inconsistent with these rules and applicable statutes.

JuCR 7.8 does not contain a waiver provision. However, Superior Court Criminal Rule 3.3(f) provides that a party waives any objection to a trial date set in violation of the speedy trial rule if he or she does not object within 10 days after notice of the date is given.

CrR 3.3(f) is applicable here. We considered a similar issue in *Heaney v. Seattle Mun. Court,* 35 Wn. App. 150, 665 P.2d 918 (1983), *review denied,* 101 Wn.2d 1004 (1984). In *Heaney,* the issue was whether two local court rules, which contained waiver–of–speedy–trial provisions, were inconsistent with Justice Court Criminal Rule 3.08, which did not contain a waiver–of–speedy–trial provision. We referred to JCrR 1.03, which states that courts of limited jurisdiction may adopt special rules not inconsistent with the justice court rules. We held that the local court rules

were not inconsistent with JCrR 3.08 because the speedy trial right in JCrR 3.08 is only a statutory right intended to protect a defendant's constitutional right to speedy trial, and the waiver provisions of the local court rules merely impose a procedural requirement upon the party desiring to assert that statutory right. Similarly, we hold in this case that JuCR 7.8 and CrR 3.3(f) are not inconsistent because the waiver provision of CrR 3.3(f) merely imposes a procedural requirement upon a party desiring to assert the right provided in JuCR 7.8.

In the trial court, Mr. Freeman's counsel contended that CrR 3.3(f) did not apply, citing *State v. Kennison,* 25 Wn. App. 396, 607 P.2d 877 (1980). In *Kennison,* the court held that the delay of a decline hearing is excluded from the computation of the time for the speedy trial rule when it is granted by the court on the motion of the alleged offender on a showing of good cause. The court also held that a defense attorney has no duty under JuCR 7.8 to inform the court of a known violation of the speedy trial time limits.[1] The court reasoned that because a defense attorney has no duty to inform the court under CrR 3.3, and because the speedy trial rules should be construed consistently, no duty exists under JuCR 7.8.

Thus, *Kennison* did not concern a waiver on the basis of a defense attorney's failure to object within 10 days after a trial date had been set beyond the speedy trial rule limits. In addition, *Kennison* construed CrR 3.3 as it existed prior to its amendment in 1978, when the 10–day waiver provision was added. Consequently, *Kennison* is not controlling in this case.

We hold that Mr. Freeman's speedy trial right under JuCR 7.8 was not violated because (1) he consented to the continuance beyond the speedy trial limits and good cause was shown, and (2) his counsel waived any objection to a speedy trial violation because she failed to object within 10

---

[1]This holding was overruled *sub silentio* in *State v. White,* 94 Wn.2d 498, 502–03, 617 P.2d 998 (1980).

days to the trial date set beyond the 60–day rule. Judgment affirmed.

DURHAM, C.J., and ANDERSEN, J., concur.