[No. 17326-0-I.   Division One.   April 29, 1987.]

THE STATE OF WASHINGTON, *Respondent*, v. MCARTHUR
RAPER, *Appellant*.

*Scott J. Engelhard* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *James W. Leslie, Deputy,* for respondent.

SWANSON, J.—McArthur Raper appeals his jury conviction of first degree robbery while armed with a deadly weapon and first degree kidnapping while armed with a deadly weapon, claiming error in the denial of his motion to dismiss the charges against him for an alleged CrR 3.3 speedy trial violation. The sole issue raised in this appeal is whether the trial court manifestly abused its discretion in retroactively granting a 5-day extension of the trial time pursuant to CrR 3.3(d)(8) because of a clerical error in entering the speedy trial expiration date where the prosecutor was assigned to try another case on the expiration date of the instant case. We find no abuse of discretion and affirm.

On May 8, 1985, Raper was charged by information with one count of first degree robbery while armed with a deadly weapon and one count of first degree kidnapping while armed with a deadly weapon for an incident occurring on about May 5, 1985. As set forth in the record and the undisputed findings of fact, the following dates and events are relevant to Raper's claim of a CrR 3.3 speedy trial violation:

May 9, 1985    Arraignment.

May 24, 1985    Order entered setting trial date of June 25, 1985. CrR 3.3 expiration date recorded as July 8, 1985. Codefendant James Jackson waived speedy trial for 7

days, with his new expiration date recorded as July 15, 1985.

| | |
|---|---|
| June 25, 1985 | |
| June 26, 1985 | Case called on the trial calendar. |
| June 27, 1985 | During some of these dates |
| July 2, 1985 | defense counsel was |
| July 3, 1985 | unavailable. |
| July 5, 1985 | Both counsel appeared at the call of the trial calendar. Neither was assigned to try another case. |
| July 8, 1985 | Both counsel appeared at the call of the trial calendar. Prosecutor assigned to try the instant case was assigned on this day to try another case with a July 16, 1985, speedy trial expiration date. |
| July 9, 1985 | Case called on the trial calendar. |
| July 11, 1985 | Both counsel were assigned to try the instant case. Defense counsel raised speedy trial rule violation for the first time. |

On July 11, 1985, in moving for a dismissal based upon an alleged CrR 3.3 speedy trial violation, the defense counsel asserted that the speedy trial expiration date, which was July 8, 1985, had passed. It is undisputed that July 8 was the correct expiration date. Upon the codefendant Jackson's 7–day speedy trial waiver on May 24, his new expiration date of July 15, 1985, was apparently entered into the computer as the expiration date for both Jackson and Raper. The record does not indicate when the defense counsel discovered that the correct expiration date had passed.

The prosecutor argued that the trial court should grant a retroactive 5–day extension of the trial time pursuant to CrR 3.3(d)(8). According to him, the normal procedure when an attorney is in trial in another case, as he was on July 8, 1985, is that an automatic 5–day extension is granted, and the reason such an extension was not granted

in the instant case is that the court had an incorrect expiration date before it. The undisputed finding is that the defendant did not allege any prejudice resulting from the time extension.

The court orally on July 11, 1985, and later in writing granted a retroactive 5–day extension effective July 8, 1985. Jury selection began on July 11, 1985, and Raper was found guilty as charged on both counts.

CrR 3.3(d)(8)[1] authorizes the trial court, even if the time for trial has expired, to extend the time for trial no more than 5 days because of unavoidable or unforeseen circumstances beyond the control of the court or the parties unless the defendant will be substantially prejudiced in his defense. *State v. Stock,* 44 Wn. App. 467, 473, 722 P.2d 1330 (1986); *State v. Brown,* 40 Wn. App. 91, 94, 697 P.2d 583, *review denied,* 103 Wn.2d 1041 (1985).

Here pursuant to CrR 3.3(d)(8) the trial court granted a 5–day extension of the speedy trial rule period with the extension to be retroactively effective as of the speedy trial expiration date. Raper argues that because CrR 3.3(d)(8) extensions are treated as continuances by both CrR 3.3 and the case law, both CrR 3.3(h)(2), which deals with continuances, and the case law prohibit a retroactive extension under CrR 3.3(d)(8) based upon a motion that is made after the speedy trial expiration date.

Raper assigns error to these related conclusions of law entered by the trial court:

---

[1]CrR 3.3(d)(8) states in part:

"**(d) Extensions of Time for Trial.** The following extensions of time limits apply notwithstanding the provisions of section (c):

". . .

"(8) *Five–Day Extensions.* When a trial is not begun on the date set because of unavoidable or unforeseen circumstances beyond the control of the court or the parties, the court, even if the time for trial has expired, may extend the time within which trial must be held for no more than 5 days exclusive of Saturdays, Sundays, or holidays unless the defendant will be substantially prejudiced in his or her defense. The court must state on the record or in writing the reasons for the extension."

Despite CrR 3.3(d)'s amendment in 1986, effective September 1, 1986, subsection (d)(8) has remained unaltered. 106 Wn.2d 1114 (1986).

1. There is a distinction between the words "continuance or other delay" and "extension" as used in CrR 3.3(h) and CrR 3.3(d)[,] respectively.

2. CrR 3.3(d) is a highly technical administrative rule that is not the embodiment of the constitutional right to a speedy trial.

3. A continuance granted under CrR 3.3(h) causes the speedy trial rule to stop running. An extension granted under CrR 3.3(d) allows the speedy trial rule to exceed the sixty or ninety day period in the event that, for unavoidable circumstances beyond control of the court or parties, the case has not commenced within the speedy trial period.

4. CrR 3.3(d)(8) permits the court to extend the time for trial no more than five days even if the time for trial has expired.

Conclusions of law 1–4.

First, conclusion of law 2 is amply supported by the case law, which indicates that trial within the CrR 3.3 time period is not constitutionally mandated. *E.g., State v. Terrovona*, 105 Wn.2d 632, 651, 716 P.2d 295 (1986); *State v. Wraspir*, 25 Wn. App. 457, 461, 607 P.2d 335 (1980).

Raper's argument that a motion for an extension pursuant to CrR 3.3(d)(8) may not be brought after the CrR 3.3 expiration date is based upon the premise that a CrR 3.3(d)(8) extension is governed by subsection (h)(2),[2] which provides:

> **(h) Continuances.** Continuances or other delays may be granted as follows:
>
> . . .
>
> (2) On motion of the State, the court or a party, the court may continue the case when required in the administration of justice and the defendant will not be substantially prejudiced in the presentation of the defense. The motion must be filed on or before the date set for trial or the last day of any continuance or extension granted pursuant to this rule. The court must state on the record or in writing the reasons for the continuance.

---

[2]CrR 3.3(h)(2) was amended in 1986 with no substantive change. 106 Wn.2d 1117 (1986).

A motion for a continuance or other delay under subsection (h)(2) cannot be filed after the date set for trial or the last day of a prior continuance or extension.

As Raper notes, some of the cases do refer to a CrR 3.3(d)(8) extension as a "continuance," *e.g., State v. Stock, supra; State v. Brown, supra,* and CrR 3.3(h)(2) does contain the word "extension," although it does not necessarily refer to a delay granted pursuant to subsection (h)(2). Further, as the trial court stated at the hearing on the motion to dismiss the charges, a subsection (d)(8) extension and a subsection (h)(2) continuance have essentially the same practical effect, *i.e.,* of delaying the running of the speedy trial period for purposes of alleging a CrR 3.3 violation.

However, CrR 3.3(d)(8) extensions and (h)(2) continuances are dealt with in different parts of the court rule and are granted upon different grounds. CrR 3.3(d)(8) authorizes the trial court, even if the time for trial has expired, to extend the time within which trial must be held in 5–day increments if unforeseen or unavoidable circumstances arise unless the defendant will be substantially prejudiced in his defense. *See State v. Stock, supra; State v. Brown, supra.*

CrR 3.3(h)(2) provides for a continuance which may be granted, in the court's discretion, upon the motion of the State, the court, or a party when required in the administration of justice and if the defendant will not be substantially prejudiced in the presentation of his defense. *State v. Terrovona, supra; State v. Guloy,* 104 Wn.2d 412, 428, 705 P.2d 1182 (1985), *cert. denied,* 475 U.S. 1020 (1986). The court rule does not specify the maximum time period for a continuance granted pursuant to subsection (h)(2) as it does for a subsection (d)(8) extension. *See* 4A L. Orland, Wash. Prac., *Rules Practice* § 6202, at 114 (3d ed. 1983). Subsections (d)(8) and (h)(2) differ in the time periods involved and the bases for the court's determination.

CrR 3.3's section (d) deals with what are called "extensions" of the 60– and 90–day time limits in computing the time for trial notwithstanding section (c), which sets the

time periods; in contrast, section (h) deals with "[c]ontinuances or other delays" which, under subsection (g)(3), are *excluded* in computing the time for trial. Nowhere in the court rule is there an indication that subsection (h)(2)'s time requirement for bringing a motion applies to a motion for an extension under subsection (d)(8). In fact, subsection (d)(8) expressly permits the trial court to extend the time within which trial must be held "even if the time for trial has expired".

A court rule must be construed so that no word, clause or sentence is superfluous, void or insignificant. The language must be given its plain meaning according to English grammar usage. When the language of a rule is clear, a court cannot construe it contrary to its plain statement. *State v. Bernhard,* 45 Wn. App. 590, 598, 726 P.2d 991 (1986), *review denied,* 107 Wn.2d 1023 (1987).

Here CrR 3.3(d)(8)'s clear language that the time for trial may be extended for no more than 5 days "even if the time for trial has expired" precludes a contrary construction, as would result if subsection (h)(2)'s requirement that a motion be brought no later than the speedy trial expiration date or the last day of a prior continuance or extension were superimposed upon a CrR 3.3(d)(8) extension. Imposing such a requirement would render superfluous and void the above quoted language in subsection (d)(8). *State v. Bernhard, supra.* Thus under CrR 3.3(d)(8) the trial court retroactively may grant a 5-day extension after the expiration of the speedy trial period.[3] In the instant case the trial court's conclusions of law 1 and 4[4] are supported by the

---

[3] *State v. Jack,* 87 Wn.2d 467, 553 P.2d 1347 (1976) and *State v. Wraspir,* 25 Wn. App. 457, 459, 607 P.2d 335 (1980), upon which Raper relies, are distinguishable in that *Jack* and *Wraspir* both dealt with CrR 3.3 before its amendment in 1978, when the predecessor to the current subsection (d)(8) was first added, including the language, "even if the time for trial has expired," 90 Wn.2d 1153 (1978).

In addition, *Jack* construed an earlier version of the current CrR 3.3(h)(2) before the language imposing the time requirement for bringing the motion was added, *see* 93 Wn.2d 1131 (1980). In *Wraspir* the court noted the absence in the record of an explanation as to why the order suppressing the evidence did not

clear language and structure of the court rule, and the retroactive 5–day extension was permissible provided that the other conditions were met.

Under CrR 3.3(d)(8) a 5–day extension may be granted based upon unavoidable or unforeseen circumstances beyond the control of the court or the parties unless the defendant will be substantially prejudiced in his defense. The court must state its reasons for the extension. *State v. Stock, supra.* The trial court's grant or denial of a continuance or an extension under CrR 3.3 will be undisturbed on appeal absent a showing of a manifest abuse of discretion. *State v. Brown, supra.*

Since the trial court's undisputed finding of fact 10 is that Raper did not allege any prejudice from the 5–day extension, the sole question is whether an unavoidable or unforeseen circumstance beyond the parties' or the court's control justified the extension. In conclusion of law 5, to which Raper has assigned error, the trial court stated the unavoidable circumstance which, it had determined, justified a 5–day extension:

> Since the prosecutor assigned to try the instant case was in trial in this court on another case on the date that the time for speedy trial on the instant case ran and was therefore unavailable due to unavoidable circumstances, a five day extension shall be granted.

Raper argues that no unavoidable or unforeseen circumstance justified an extension under CrR 3.3(d)(8) since the actual reason underlying the 5–day extension was the trial court's reliance upon an incorrect CrR 3.3 expiration date and since under CrR 3.3(a) the court has the responsibility for ensuring compliance with CrR 3.3, this circumstance could have been avoided if the court had reviewed its files

---

state that the State's case was effectively terminated to stop the running of the CrR 3.3 time period.

[4]We find it unnecessary to address the correctness of conclusion of law 3 since the other conclusions support the retroactive 5–day extension of the trial period here.

and recalculated the expiration date. *See State v. Freeman,* 38 Wn. App. 665, 668, 687 P.2d 858 (1984) (the appellate court may examine the entire record to ascertain the actual reasons for a continuance). Raper concedes that the record does not show that either the court or the parties were aware of the miscalculation of the CrR 3.3 expiration date, based upon a clerical error, until 3 days after the period had expired. On the expiration date the defense counsel was present in court, yet he failed to inform the court that the time for trial was to expire on that day.

CrR 3.3(f) provides that a party waives any objection to a trial date set in violation of the speedy trial rule if he fails to object within 10 days after notice of the date is given. *State v. Freeman, supra* at 668. Prior to the original enactment of a waiver provision in 1978, CrR 3.3(a)[5] was construed to place upon the court the responsibility for a correct trial date. *State v. White,* 23 Wn. App. 438, 442, 597 P.2d 420 (1979), *aff'd,* 94 Wn.2d 498, 503, 617 P.2d 998 (1980). Upon CrR 3.3's amendment to include such a waiver provision, however, we noted that the amendment returned to the defense counsel some of the responsibility timely to assert his client's CrR 3.3 rights or waive them. *State v. White,* 23 Wn. App. at 442. *See State v. Bernhard, supra* at 599 (CrR 3.3(f) places the burden on the defendant to monitor the time for trial).

█ Since the defense counsel shares some of the responsibility for protecting his client's CrR 3.3 speedy trial rights, in light of the record evidence that neither the trial court nor the parties were aware of the correct expiration date until that date had passed, the court's reliance upon an erroneous date was a reasonably unavoidable or unforeseen circumstance beyond the control of the court or the parties which justified the time extension in the instant case. Since Raper suffered no prejudice from the delay, no

---

[5]CrR 3.3(a) provides:
"It shall be the responsibility of the court to ensure a trial in accordance with this rule to each person charged with having committed a crime."

CrR 3.3 violation occurred.

■ The deputy prosecutor's unavailability provided a further basis for granting the 5–day extension. This court has rejected the argument that a prosecutor's unavailability because of a scheduling conflict is akin to docket congestion and self–created hardship, which do not constitute "good cause" to warrant setting the trial date beyond the speedy trial rule period. *State v. Brown, supra; State v. Palmer,* 38 Wn. App. 160, 162, 684 P.2d 787 (1984). "A counsel's unavailability for trial may be an unforeseen and unavoidable circumstance beyond the court's control which justifies a continuance." *State v. Brown, supra* at 94–95.

In the instant case on the CrR 3.3 expiration date, the deputy prosecutor was assigned to try another case with a later expiration date. The prosecutor's scheduling conflict was unpredictable and not self–created and thus a justifiable ground for granting a 5–day extension of the time for trial. *State v. Brown, supra.*

We find meritless the State's argument that Raper waived his speedy trial right by not objecting to a trial date violative of CrR 3.3 before the expiration of the CrR 3.3 time period. Raper's counsel objected within 10 days of the time that notice was given of the trial date which exceeded the CrR 3.3 time period. CrR 3.3(f); *State v. Freeman, supra.* The record does not indicate that the defense counsel knew before the CrR 3.3 time period had expired that the trial date fixed went beyond the time limit. *See State v. White,* 94 Wn.2d 498, 502–03, 617 P.2d 998 (1980) (defense counsel has a duty at the trial setting to advise the court if he knows that the trial date set exceeds the CrR 3.3 time limit).

The judgment below is affirmed.

RINGOLD, A.C.J., and WEBSTER, J., concur.

Review denied by Supreme Court July 1, 1987.