[No. 25466-9-I. Division One. March 23, 1992.]

THE STATE OF WASHINGTON, *Respondent*, v. THOMAS GRANT LEMLEY, *Appellant*.

*Suzanne Lee Elliott* and *Patricia Novotny* of *Washington Appellate Defender Association,* and *Adam Shapiro, Legal Intern,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Peter Goldman,* *Deputy,* for respondent.

GROSSE, C.J. — Thomas Grant Lemley (Lemley) appeals his conviction on the charge of possessing stolen property in the first degree (RCW 9A.56.150 and RCW 9A.56.140(1)).

In September of 1989, Lemley was charged with possession of stolen property. He was booked into jail on September 13, 1989, and arraigned on September 15. An omnibus hearing was scheduled for October 2, but the hearing was not held until October 4. That morning, before Lemley's case was called, defense counsel was called away for a jury verdict in another case. Substitute or "stand-in" counsel was present. An order setting trial date was presented to the court by the State, which contained an erroneous calculation of the speedy trial period. Specifically, the order noted an expiration date for the speedy trial period of November

21, when it should have been November 14. However, the order set the trial date as November 7, a date within the 60-day speedy trial period. Further, the order accurately stated that 53 days of the period would elapse before the November 7 trial date.

At the hearing, Lemley spoke and asked whether he had a right to trial within 60 days. He indicated his belief that the November 21 date was beyond the 60-day period. Lemley was told he had the right to be tried within 60 days, but on assurances of the prosecutor, and possibly the clerk, the court mistakenly believed the file contained a waiver by Lemley to the November 21 date. Lemley did not sign any waiver and refused to sign the order. However, Lemley's substitute counsel did not object to the order and signed it.

Trial did not commence until November 30. There is nothing in the record indicating why or when the case was continued beyond November 7. Further, there is nothing in the record indicating that notice was given to Lemley regarding any continuances as mandated by CrR 3.3(f)(2). One 5-day extension was granted on November 21 due to illness of the defense attorney; however, the record does not indicate why or how the trial date was continued from November 7 to November 21.

Defense counsel noted pretrial motions by checking a box on a preprinted form in which she noted a CrR 3.5 hearing, a motion to dismiss, and a discovery hearing. These hearings were scheduled in October but were not heard until the November 30 trial date.

At trial, Lemley moved to dismiss for violation of the speedy trial rule. During this hearing the court listened to the tape from the omnibus hearing and heard testimony from Lemley. There was speculation, but no agreement by the parties, as to what happened. The prosecutor conceded Lemley did not waive his right to a speedy trial at the omnibus hearing and that the expiration date of November 21 was erroneous. Defense counsel argued Lemley's personal objection placed the burden on the State to bring him to trial within the proper period. The State argued that

despite the miscalculation, Lemley waived his right to a speedy trial by failing to object to the trial date set within 10 days of the original order setting trial date.

The court held Lemley did not waive his right to a speedy trial at the omnibus hearing, that the correct expiration date was November 14, and that Lemley spoke at the hearing inquiring about the 60-day speedy trial period. However, the court found that Lemley waived his right to a speedy trial by failing to move to dismiss within 10 days of the order setting trial date.

Other pretrial motions were heard, including a CrR 3.5 hearing. Trial commenced and after part of the State's case was presented Lemley stipulated to the facts heard, as well as those in the certificate of probable cause and from the CrR 3.5 hearing. The court found him guilty as charged. The court did not enter findings of fact and conclusions of law from either the CrR 3.5 hearing or the trial.

At sentencing Lemley's criminal history was presented. A dispute arose as to how to count his history for purposes of the offender score. The State calculated the offender score to be 7, counting each prior conviction as one offense. Defense counsel argued that four of the prior convictions should be counted as one pursuant to RCW 9.94A.360(6)(c), and therefore the offender score should have been 4. The court agreed with the State and sentenced Lemley to 25 months' confinement based on an offender score of 7 with a standard range of 22 to 29 months.

Lemley's contentions on appeal are threefold. First, he contends the trial court erred by not entering findings of fact and conclusions of law for the CrR 3.5 hearing and/or the stipulated trial. Second, Lemley contends the trial court erred in denying his motion to dismiss for a violation of CrR 3.3, his speedy trial rights, further compounded by ineffective assistance of counsel. Third, he contends the trial court erred in the calculation of his offender score by not adhering to RCW 9.94A.360, scoring multiple pre-Sentencing Reform Act of 1981 convictions served "concurrently" as only one offense.

We find the trial court erred in denying the motion to dismiss for a violation of CrR 3.3 and therefore do not discuss the other issues presented.

The State argues that Lemley's failure to correct *the expiration date* within 10 days of the order setting the trial date acts as a waiver of his right to a speedy trial before the November 21 expiration date listed on the order. The State concedes that technically the 10-day rule in CrR 3.3(f) does not apply because initially the trial was set within the correct expiration date. Nevertheless, the State asks this court to hold that the 10-day rule should be read to include *all* the dates set forth in the order setting trial date. On the facts presented, we cannot agree.

A criminal defendant's assurance of a right to a speedy trial is guaranteed by the federal and state constitutions. U.S. Const. amend. 6; Const. art. 1, § 22 (amend. 10). "The superior court speedy trial rules themselves are not of constitutional magnitude and a violation of the rules is not necessarily a constitutional deprivation." *State v. Fladebo*, 113 Wn.2d 388, 393, 779 P.2d 707 (1989). If the superior court rules are inapplicable to a certain speedy trial situation, then these constitutional safeguards are provided to protect a defendant. Lemley does not argue that his constitutional right has been violated, but bases his argument on the superior court rules. As the Supreme Court said in *Fladebo*:

> The superior court speedy trial rules were not designed to be a trap for the unwary. Where the rules are unclear, the defendant is not prejudiced by a minor delay, and the defendant has not informed the prosecutor of his or her intent to rely on the rules before the speedy trial period has expired, we will not direct a dismissal of the charges. *Cf. Barker v. Wingo*, [407 U.S. 514, 522, 33 L. Ed. 2d 101, 92 S. Ct. 2182 (1972)]; *State v. Christensen*, [75 Wn.2d 678, 686, 453 P.2d 644 (1969)].

*State v. Fladebo*, 113 Wn.2d at 394.

■ In *State v. Raper*, 47 Wn. App. 530, 538, 736 P.2d 680, *review denied*, 108 Wn.2d 1023 (1987), this court held that when an error in computing a speedy trial expiration date is not discovered by the trial court, the State, or the defendant

until after the correct expiration date has passed, the trial court's reliance on the erroneous date can constitute a reasonably unavoidable or unforeseen circumstance justifying an extension of the period pursuant to CrR 3.3(d)(8). There, the court determined defense counsel shared the responsibility for protecting the client's CrR 3.3 speedy trial rights. In *Raper*, none of the parties involved were aware of the correct expiration date until after it had passed. Here, however, the facts are distinguishable from *Raper*. The defendant himself spoke in open court and questioned whether the date being set as the expiration date was within the 60-day rule. Ultimately, it is the responsibility of the court to ensure a trial in accordance with CrR 3.3. CrR 3.3(a); *State v. Jones*, 49 Wn. App. 398, 402, 743 P.2d 276 (1987), *aff'd*, 111 Wn.2d 239, 759 P.2d 1183 (1988).

The State supports its argument that Lemley's failure to correct the expiration date acts as a waiver of his speedy trial right by arguing that he and his counsel sat idly by and allowed the November 14 date to pass before bringing a motion to dismiss contrary to the holding in *Raper* and CrR 3.3(f)(1) or (2). The State argues the 10-day rule should apply here because all dates set forth in the order setting trial date should have been correct and, because the defendant knew of the error, he was required to make a formal motion to avoid waiver. The State argues this is the fatal error made by Lemley: he failed to bring to the court's attention that the expiration date was erroneously set for November 21. However, as noted before, the trial date was originally set within the speedy trial period. CrR 3.3(f)(1) requires that the order or notice "shall set forth the proper date of the defendant's arraignment as established at the time of arraignment, the date set for trial and the number of days which will elapse before the trial date." These dates and numbers were correct on the order. The failure to object addressed in CrR 3.3(f)(1) goes to the trial date. Here, the date was within the speedy trial period. The State fails to give any weight to the fact that, unlike in *Raper*, Lemley indicated to counsel, the prosecution, and the court at the

hearing that he questioned the 60-day rule as it pertained to the order setting trial date. The State erroneously believed Lemley executed a waiver to the November 21 date and gave its assurances of this fact to the court. Lemley should not be penalized because the State, the court, and his substitute counsel failed to pay attention to him. He knew he had not executed a waiver. Incredibly, the State now claims it was never put on notice that the correct *expiration date* was November 14, and yet every other date, or calculation of the number of days remaining, on the order indicated November 14 was the correct expiration date.

 Further, the State contends that defense counsel failed to reset the defendant's *expiration date* under CrR 3.3(f)(2), and therefore waived his right to a speedy trial because he did not follow the 10-day rule of that section. However, CrR 3.3(f)(2) pertains to those situations where the *court* determines the trial date should be reset and must notify counsel or parties of the date set as provided in CrR 3.3(f)(1). As the State concedes, the record does not reflect why or when the case was continued beyond November 7, a date within the speedy trial rule. Nor does the record show that the defendant received notice of the change of trial date. Lacking notice, the defendant had no obligation to object. A defendant is not required to frame an objection to a trial date of which, at least insofar as this record reflects, he had no notice.[1]

As noted, the ultimate responsibility is on the court for bringing a defendant to trial within the speedy trial period. CrR 3.3(a). Although trial within 60 days is not a constitutional mandate,[2] unlike the *Raper* case in which no one

---

[1] It is interesting that the case on which the State puts so much reliance for its position appears to reject as meritless a similar argument that defense counsel had an obligation to object to a trial date before the expiration of the CrR 3.3 time period and before notice of a trial date exceeding that time period. *Raper*, 47 Wn. App. at 539. *Raper* also should be read only to justify a properly requested 5-day continuance, not the open-ended process reflected by this record.

[2] *State v. Hoffman*, 116 Wn.2d 51, 77, 804 P.2d 577 (1991); *State v. Campbell*, 103 Wn.2d 1, 15, 691 P.2d 929 (1984), *cert. denied*, 471 U.S. 1094, 85 L. Ed. 2d 526, 105 S. Ct. 2169 (1985); *State v. White*, 94 Wn.2d 498, 501, 617 P.2d 998 (1980).

realized the correct expiration date, or the *Fladebo* case where the defendant did not inform the prosecutor of her reliance on the speedy trial rule, here the defendant attempted to let everyone know. A defendant has no duty to bring himself to trial. *Barker v. Wingo*, 407 U.S. 514, 527, 33 L. Ed. 2d 101, 92 S. Ct. 2182 (1972); *Seattle v. Hilton*, 62 Wn. App. 487, 491, 815 P.2d 808 (1991). Lemley's right to a speedy trial was violated. As such we reverse the decision of the trial court and dismiss the charges with prejudice pursuant to CrR 3.3(i).

COLEMAN and FORREST, JJ., concur.

Review denied at 119 Wn.2d 1025 (1992).