[No. 33705-0-I. Division One. December 19, 1994.]

THE STATE OF WASHINGTON, *Appellant*, v. OLIVER JOHN JENKINS IV, *Respondent*.

---

incumbent upon the court to specify the sanctionable conduct in its *order*." (Italics ours.) 124 Wn.2d at 201.

*Norm Maleng, Prosecuting Attorney*, and *John L. Bellatti, Deputy*, for appellant.

*Murray Bernard Guterson* and *Culp, Dwyer, Guterson & Grader*, for respondent.

PEKELIS, C.J. — The State appeals the trial court's dismissal of the charges against Oliver Jenkins IV for a violation of his right to a speedy trial. We affirm.

Jenkins was charged with two counts of second degree murder. On June 15, 1993, the jury returned a verdict on one count but was unable to reach a verdict on the other. The trial court declared a mistrial on the second count.

In the months following the mistrial, defense counsel made repeated attempts to determine whether the State had decided to retry Jenkins. On September 3, the deputy prosecutor in charge of the case informed defense counsel that the State intended to retry Jenkins on a charge of manslaughter in the first degree. After conferring with defense counsel, the deputy prosecutor scheduled a trial setting hearing on September 14.

At 1 p.m. on September 14, Jenkins appeared at the hearing accompanied by counsel. The deputy prosecutor who had set the hearing was not yet present, but a representative from his office informed defense counsel that as she understood it the expiration date was September 16. She asked if Jenkins would waive his speedy trial rights. Jenkins refused to do so. When the deputy prosecutor in charge arrived at the hearing at 2:30, he informed the defense that, according to his file, the mistrial occurred on June 16 and therefore, the expiration date was that very day. Defense counsel then informed the prosecutor that the mistrial had actually occurred on June 15.

That afternoon, the parties appeared before Judge Carmen Otero in superior court. The prosecutor informed the court that based on differing views as to the correct mistrial date, the parties disagreed about whether the speedy trial period expired on September 13 or September 14. The deputy prosecutor informed the court that he was presently in trial in another case and requested a 5-day extension of the speedy trial period. Judge Otero granted the extension solely for the purpose of preserving the issue for Judge Michael Fox, the original trial judge.

That same day, an order signed by Judge Otero was filed. The order stated that "[t]his matter having been set for trial on September 13, 1993 and because of unavoidable or unfor-

seen circumstances . . . the expiration date in this case shall be extended until September 16, 1993".

Jenkins' motion to dismiss the case for failure to bring him to trial within the speedy trial period was heard by Judge Fox. At the hearing, the deputy prosecutor admitted that due to a clerical error, he had been mistaken about the expiration date and that the true expiration date was September 13. Nevertheless, because he had been in trial on another matter on the correct expiration date, he sought a 5-day retroactive extension of the speedy trial period.

When asked by the court, the deputy prosecutor admitted that the case had not been set for trial on September 13; that date was for trial setting. Judge Fox concluded that because a trial date was never set in the case, it was inappropriate to grant an extension. The trial court, therefore, dismissed the charge against Jenkins for a CrR 3.3 violation.

The State appeals, contending that Judge Otero's order granting the 5-day extension should be affirmed or, in the alternative, Judge Fox's dismissal should be reversed.

■ First, we note that Judge Otero's order is not properly before this court. Judge Otero's oral ruling specifically indicates that she did not intend her order to be final but rather sought to preserve the issue for Judge Fox's review.[1] Therefore, the only order properly on appeal is Judge Fox's order denying the State a 5-day extension. A trial court's decision to grant or deny an extension of the speedy trial period is reviewed for an abuse of discretion. *State v. Raper*, 47 Wn. App. 530, 537, 736 P.2d 680, *review denied*, 108 Wn.2d 1023 (1987).

Jenkins' mistrial was declared on June 15. Therefore, as the State now concedes, Jenkins' expiration date was September 13. It is also undisputed that a trial date was never set and that the hearing on September 14 was solely for the purpose of *setting* a trial date. Nevertheless, the State argues that under CrR 3.3(d)(8), it is entitled to a retroactive

---

[1]Interlocutory orders are not ordinarily subject to appellate review. *Maybury v. Seattle*, 53 Wn.2d 716, 720-21, 336 P.2d 878 (1959).

5-day extension because the prosecutor assigned to the case was in trial on another case on September 13.

CrR 3.3(d)(8) does provide that a party can seek a retroactive extension of a trial date if the prosecutor is in trial on another matter on the expiration date. *Raper*, at 539. However, CrR 3.3(d)(8) limits that option, stating: "[w]hen a trial is not begun on *the date set* because of unavoidable or unforeseen circumstances . . . the court . . . may extend the time in which trial must be held". (Italics ours.)

"A court rule must be construed so that no word, clause or sentence is superfluous, void or insignificant." *Raper*, at 536. The language in CrR 3.3(d)(8) is clear; the trial court is not empowered to exercise its discretion to grant an extension until an initial trial date is set. Only then does the trial court have discretion to grant a 5-day extension under certain circumstances. The State does not contend that it had any intention of starting the trial on September 13, and it makes no pretense that any other trial date had been set. Under the circumstances, the trial court properly refused to exercise its discretion and denied the motion for the extension.

The State further contends that even if the extension was properly denied, Jenkins has waived his right to complain of a speedy trial violation because he did not object to the trial date until after the expiration date had passed. It is certainly true that defense counsel shares some of the responsibility of ensuring that the client's speedy trial rights are protected. *Raper*, 47 Wn. App. at 538. Under CrR 3.3(f), defense counsel must object within 10 days of a trial being set or reset outside the time limits or waive the right to complain of a violation. Defense counsel must also object in time for the trial court to comply with CrR 3.3 even when the trial date was set less than 10 days before the expiration date. *State v. Austin*, 59 Wn. App. 186, 200, 796 P.2d 746 (1990).

Defense counsel, however, bears only *some*, not *all*, of the responsibility of ensuring compliance with CrR 3.3. First, it is the trial court which bears the *ultimate* responsi-

bility to ensure a trial is held within the speedy trial period. *E.g., State v. Malone*, 72 Wn. App. 429, 433, 864 P.2d 990 (1994); *State v. Lemley*, 64 Wn. App. 724, 729, 828 P.2d 587, *review denied*, 119 Wn.2d 1025 (1992). Under CrR 3.3(d)(3), after a mistrial, the trial court is responsible for ensuring that a defendant is retried within 90 days.

Second, as between the defendant and the State, it is the State who has the primary duty to see that the defendant is tried in a timely fashion. The United States Supreme Court and our own courts have held that "[a] defendant has no duty to bring himself to trial; the State has that duty . . .". *Barker v. Wingo*, 407 U.S. 514, 527, 33 L. Ed. 2d 101, 92 S. Ct. 2182 (1972); *Lemley*, at 731. The State, having failed to make a decision to set the case for trial before the expiration date, did not timely meet its duty to bring Jenkins to trial. By failing to act, the State also thwarted the trial court's ability to meet its ultimate duty to see that the matter was tried within the speedy trial period.

Thus, we reject the State's argument that it was Jenkins' duty to raise the speedy trial issue. We conclude that CrR 3.3(f) never came into play because the State never set a trial date to which Jenkins was required to object.

The State's final argument is that even if a defendant does not normally have to object when no trial date is set, Jenkins' counsel should have objected because he participated in choosing the September 14 hearing date. Once again, the State seeks to abdicate all responsibility for bringing Jenkins to trial. The deputy prosecutor informed Jenkins' attorney that he intended to schedule a case setting hearing for the week of September 13, and defense counsel merely responded by suggesting the 14th in order to avoid any conflict with Rosh Hashanah which was on the 15th. Thus, defense counsel's suggestion actually assured that the hearing would be held earlier, rather than later in the week.

In conclusion, we reiterate that CrR 3.3 does not compel defense counsel to object to the failure of the State to bring the defendant to trial, nor to object to the date of a trial *setting* hearing scheduled after the expiration date. Under

CrR 3.3, it is only after a trial date is *set* that responsibility shifts to the defendant to object in a timely manner. Because no trial date was ever set, the trial court did not abuse its discretion in dismissing the charges against Jenkins for violation of his speedy trial rights.

Affirmed.

SCHOLFIELD and BECKER, JJ., concur.

Review denied at 126 Wn.2d 1025 (1995).