[Nos. 25240-2-I; 24362-4-I. Division One. April 22, 1991.]

THE STATE OF WASHINGTON, *Respondent,* v. CHARLES KELLY, *Appellant.*

THE STATE OF WASHINGTON, *Respondent,* v. FELIZARDO MUNOZ MUNOS, *Appellant.*

---

*Anna–Mari Sarkanen* of *Washington Appellate Defender Association,* for appellants.

*Norm Maleng, Prosecuting Attorney,* and *Arthur Chapman, Deputy,* for respondent.

FORREST, J.—Mr. Munos was convicted of one count of delivery of a controlled substance. Mr. Kelly was convicted of one count of burglary in the second degree. Both defendants appeal seeking dismissal for violation of their CrR 3.3 rights to a speedy trial. Since both appeals raise the same fundamental issues, we have consolidated them under cause 25240–2–I and dispose of both in this opinion.

## KELLY FACTS

On November 2, 1988, Harriet Monson heard a window slam in Gai's French Baking Company in Seattle where she was about to begin work. A few minutes later, she went to an employee locker area and saw a stranger who then ran away. Ms. Monson called the police after she realized her purse was missing. Later, she identified the appellant from a photo montage.

Charles Kelly was charged on May 9, 1989, with one count of burglary in the second degree. He was arraigned on June 16, 1989, and placed in custody, with August 15, 1989, the last day within the CrR 3.3 limit for Kelly's trial. Trial was set for August 2, 1989, continued to August 4, then continued again to August 11. On August 15, 1989, the 60th day of custody following arraignment, the State moved to continue the trial to August 21, 1989, because Ms. Monson was on vacation in another state and would not be available to testify until then. The judge denied the motion to continue, at which point the prosecutor moved to release Kelly on his personal recognizance. Defense counsel objected, noting that the prosecution had objected to the appellant's release up to that point, there had been no changed circumstances, and the defense was not then seeking a release.

On August 15, 1989, the court issued an order for immediate release on condition that the appellant have no contact with Ms. Monson or the bakery. The court denied appellant's motion to dismiss the charge for failure to comply with the speedy trial requirements of CrR 3.3.

Trial was held on November 7 and 8, 1989, within the 90 day period, excluding the stay granted pending discretionary review. Kelly was found guilty of second degree burglary. This timely appeal followed.

## MUNOS FACTS

In a tavern bathroom on April 13, 1988, Seattle police officer Charles observed a man handing the appellant, Felizardo Munos, a $100 bill in exchange for some balloons

containing heroin. Munos was arrested and charged on June 24, 1988, with one count of delivery of a controlled substance. Arraignment occurred July 18, 1988. Munos waived his speedy trial rights under CrR 3.3 until October 7, 1988. The trial was scheduled for September 23, 1988, but circumstances delayed trial until October 6, 1988.[1]

On October 6, the day before expiration of the speedy trial limit pursuant to the speedy trial waiver, the prosecutor stated that a key State witness was in the courtroom but had to leave almost immediately for the airport. Therefore, the prosecutor asked the court to release Munos on his own recognizance and thus extend the speedy trial period for an additional 30 days to November 5, 1988. The trial judge ordered the appellant released, stating that

> I think the solution is to . . . continue the trial to the 20th of October and release Mr. Munos from jail, and the problem is going to arise that if he doesn't show up on that date, the defense is going to move to dismiss, and the State's going to move for bench warrant, and I suspect some other judge is going to have to solve that problem.

Defense counsel objected to the release and to any ruling that the speedy trial period could be extended an additional 30 days.

On October 20, 1988, the case was not called for trial. On October 26, 1988, the parties appeared before the judge on appellant's motion to dismiss and the prosecutor's motion for a bench warrant because the defense attorney had not heard from the appellant. The judge stated that she did not know when the speedy trial period expired, and she denied defense counsel's motion to dismiss. The judge also denied the prosecutor's motion for a bench warrant, stating that there was no evidence that the appellant was aware of the October 20 hearing.

The case was then placed on the October 28 calendar, but the appellant did not appear on that date. The case was

---

[1]The prosecutor was on vacation until September 26, 1988, the case was waiting for a courtroom until October 5, and the jail failed to bring the appellant to the courtroom at the scheduled time on October 5.

held over until November 9, 1988, on 5–day extensions because the prosecutor was in trial. Again the appellant did not appear, at which point the judge issued a bench warrant, and declined to rule on the motion to dismiss.

Munos was arrested and his case placed on omnibus calendar for January 20, 1989. Appellant again moved to dismiss and was denied. Trial occurred before a jury on February 23, 1989, and Munos was found guilty as charged. On May 25, 1989, another judge denied appellant's motion to dismiss, finding that the order signed October 6, 1988, releasing the appellant, had extended the speedy trial period to November 5. The court held that the bench warrant was properly issued, and that CrR 3.3 had not been violated.

### CrR 3.3 Time Limits for Trial

The basic issue in both cases is whether the trial court may release an in–custody defendant before the expiration of the 60–day speedy trial period in order to extend the time during which trial must be held pursuant to CrR 3.3(c)(1).[2] The defendants argue that once a trial date has been set for an in–custody defendant, the court has no power to make the 90–day limit applicable by releasing the defendant from custody. We disagree. The rule does not so state. Indeed, CrR 3.3(d)(1)[3] explicitly provides that if a defendant released on personal recognizance has his release

---

[2]CrR 3.3(c)(1) provides in relevant part: "A defendant not released from jail pending trial shall be brought to trial not later than 60 days after the date of arraignment. A defendant released from jail whether or not subjected to conditions of release pending trial shall be brought to trial not later than 90 days after the date of arraignment."

[3]CrR 3.3(d)(1) provides:

"*Revocation of Release.* A defendant who has been released from jail pending trial, pursuant to an order imposing conditions of release, but whose release is then revoked by order of the court, shall be brought to trial within such a time period that the defendant spends no more than a total of 60 days in jail following the date of arraignment, and in any event within such a time period that the defendant is tried not later than a total of 90 days after the date of arraignment unless the time period is otherwise extended by this rule."

revoked, the 90 day maximum limit remains in effect, subject to the limitation that no more than 60 of those 90 days may be in custody. In other words, the rule provides two constraints for a speedy trial: trial must be held within (1) 90 days from the date of arraignment, (2) with no more than 60 days in custody. Although CrR 3.3 does not explicitly address the defendant who is first held in custody and subsequently released, there is no valid basis for treating such a defendant differently from one whose initial release is subsequently revoked. Precisely the same policy considerations operate in both cases. Accordingly, when a judge releases a defendant from custody, the 90 day limit becomes effective irrespective of whether he is released from custody on the 6th day or the 60th day. Absent a showing of prejudice, there is no violation of CrR 3.3 so long as the trial is within 90 days of arraignment with no more than 60 of those days in custody.

## CrR 3.2 Pretrial Release

Both defendants assert that even if a release from custody would properly extend the time for trial, it was an abuse of discretion for the judge to release them for that purpose when there had been no change in the defendants' other circumstances. Assuming the defendants have standing to challenge an order releasing them from custody, we disagree. Their argument that they should not have been released is disingenuous; each defendant resisted release in order to cause their speedy trial period to expire and compel dismissal of their case for violation of CrR 3.3.

CrR 3.2 provides the grounds on which the court may hold a defendant in custody or impose conditions of release to protect the public and insure the defendant appears at trial. The rule does not forbid the court to consider the trial calendar in deciding whether a defendant should be released. Indeed, prefacing the list of relevant factors, CrR 3.2(b) states that the court shall "consider the relevant facts including but not limited to . . .." Insofar as

the purpose of the rule is to protect the public, the appellants' position would frustrate that purpose by requiring dismissal where a defendant cannot be tried within 60 days but can be tried within 90 days. Like statutes, court rules are construed to avoid absurd results.[4] It would be a perversion of CrR 3.3 to hold that a court may not release a defendant to provide a trial within the 90–day limit, but rather must release him on the 60th day and dismiss the charge with prejudice simply because he was a defendant who had merited incarceration pending trial.

This result is in accord with 2 American Bar Ass'n, *Standards for Criminal Justice,* Std. 12–4.2, at 12.46 (2d ed. 1980):[5] "If a shorter time limitation is applicable to defendants held in custody, the running of this time should only require release of such a defendant on his or her own recognizance." Commentary to this ABA Standard states that

> the shorter time limitation for those in custody, if any, serve only to terminate custody and thereby put the defendant who is in custody in approximately the same position as other defendants.
> . . . The defendant is in this way treated more like the defendant who has made bail . . ..

*Standards,* at 12.47.

Our holding is in accord with that reached under similar circumstances by Illinois courts. Illinois requires a defendant in custody to be tried within 120 days of arrest, while a defendant at liberty must be tried within 160 days. In *People v. Sibley,*[6] a defendant was released from custody on the 116th day of incarceration on his own recognizance because the State could not locate a key witness, and was

---

[4]*Heinemann v. Whitman Cy.,* 105 Wn.2d 796, 802, 718 P.2d 789 (1986); *State v. Bernhard,* 45 Wn. App. 590, 598, 726 P.2d 991 (1986), *review denied,* 107 Wn.2d 1023 (1987).

[5]The court in *State v. Fladebo,* 113 Wn.2d 388, 392, 779 P.2d 707 (1989) stated that "[w]hen CrR 3.3 is silent . . . Washington courts have often looked to the *ABA Standards Relating to Speedy Trial* as an interpretive supplement."

[6]41 Ill. App. 3d 616, 619–22, 354 N.E.2d 442, 445–46 (1976).

later tried within Illinois' statutory 160–day period. The appellate court concluded that the statute had not been violated, despite the fact that at the time the defendant was released he demanded trial and refused to sign bond. The court reasoned that

> Administration of criminal justice with complete fairness and propriety imposes mutual obligations upon the State and the defendant. . . . "The supreme court has held time and again that technical evasions of this rule by the State will not be tolerated." . . . Conversely, the creation and enforcement of constitutional and statutory rights for the protection of defendants cannot be used for manipulation "in such a way as to provide an avenue to escape legitimate prosecution . . .."

(Citations omitted.) *People v. Sibley*, 41 Ill. App. 3d 616, 622, 354 N.E.2d 442, 447 (1976).

Compared with other states, Washington's requirements are favorable to defendants.[7] The task of meeting the 60– and 90–day deadlines under CrR 3.3 with limited judicial resources is a constant struggle. We hold that a judge is entitled to consider the circumstances of the trial calendar and the availability of witnesses in exercising discretion as to pretrial release. Pretrial release decisions are reviewed for an abuse of discretion.[8] We find no abuse of discretion here.

As to Kelly, the foregoing analysis of the rules is controlling. There is no contention that he was not tried within the 90–day limit after excluding the time during which he sought discretionary review, CrR 3.3(g).

The case of the defendant Munos presents a different consideration. At his arraignment on July 18, 1988, Munos executed a speedy trial waiver until October 7, 1988, a point beyond the 60–day limit but within the 90–day

---

[7] 2 American Bar Ass'n, *Standards for Criminal Justice*, Std. 12–2.1, at 12.14 n.6 (2d ed. 1980) states that Illinois, Massachusetts and Pennsylvania, for example, provide for speedy trials within, respectively, 120 days of arrest, 6 months from time of imprisonment or bail, and 180 days after filing complaint. The Uniform Rules of Criminal Procedure provide that trials occur within 4 months of the specified date. 21A Am. Jur. 2d *Criminal Law* § 849 (1981).

[8] *State v. Johnson*, 105 Wn.2d 92, 96, 711 P.2d 1017 (1986).

period. Although efforts were made to hold the trial during the latter part of September, the case was finally called on October 6, 1 day prior to expiration of the waiver date. Over the defendant's objection, the judge released the defendant and continued the trial to October 20. However, October 20 was more than 90 days from July 18, thus violating CrR 3.3. An in–custody defendant's waiver of the 60 day limit does not constitute a waiver of his 90–day speedy trial rights unless he waives to a date beyond the 90–day limit, or otherwise makes clear that he is also waiving the 90–day period. Waiver is a voluntary relinquishment of a known right.[9] Here the record contains no indication of the defendant's waiver of the 90–day limit,[10] and we refuse to imply one. Failure to try a defendant within the 90–day limit mandates dismissal.[11]

Judgment as to the defendant Munos is reversed with instructions to dismiss. Judgment as to defendant Kelly is affirmed.

WEBSTER, A.C.J., and PEKELIS, J., concur.

---

[9]*Ferndale v. Friberg,* 107 Wn.2d 602, 607, 732 P.2d 143 (1987).

[10]"[W]aiver [under CrR 3.3] must clearly appear from the record." *State v. DeLong,* 16 Wn. App. 452, 456, 557 P.2d 14 (1976), *review denied,* 89 Wn.2d 1002 (1977).

[11]*State v. White,* 94 Wn.2d 498, 617 P.2d 998 (1980).