79 P.3d 478 (2003)
STATE of Washington, Respondent,
v.
John Anthony ETTENHOFER, Appellant.
No. 28545-2-II.
Court of Appeals of Washington, Division 2.
November 18, 2003.
*479 Therese M. Murphy, Attorney at Law, Chehalis, WA, for respondent.
Hugh Joseph McGavick, The Law Office of Hugh J. McGavick, Olympia, WA, for appellant.
BRIDGEWATER, J.
John Anthony Ettenhofer was convicted of manufacture of a controlled substancemarijuana. He appeals, alleging that the failure to have a written warrant to search his property requires suppression of the marijuana. Although officers gave a telephonic statement in applying for a search warrant and a judge determined that probable cause existed, nobody executed a written warrant, affixed the authorizing court's signature to a warrant, or gave Ettenhofer a copy of a warrant. We hold that these failures constitute a warrantless search in violation of CrR 2.3(c), RCW 10.79.040, and article 1, section 7 of the Washington State Constitution. Suppression is the appropriate remedy. We reverse Ettenhofer's conviction.
In August 2000, a Lewis County sheriff's deputy arrested an individual who informed the deputy of a marijuana grow at Ettenhofer's property. Several days later, officers went to Ettenhofer's property to investigate the tip. While conducting a "knock and talk," officers smelled the marijuana coming from a shop building.[1] They advised Ettenhofer that they would obtain a warrant to search the shops if he would not consent to the search. Ettenhofer refused and ordered the officers to leave his property. Some of the officers stayed at the home to ensure that the scene was not disturbed pending issuance of a search warrant, and one drove to a location where his cell phone would work and contacted a district court judge.
The officer was placed under oath and gave a telephonic statement of grounds for the search. The judge found probable cause and authorized a search. But neither the judge nor the officer executed a written warrant.
The search occurred thereafter, revealing the expected marijuana grow along with hanging bags of marijuana. A return was executed after the search in compliance with the relevant portion of CrR 2.3(d). The trial court denied Ettenhofers subsequent suppression motion, reasoning that Ettenhofer failed to show actual prejudice resulting from the written warrant failure. Trial occurred, and the court found Ettenhofer guilty as charged.

I. Criminal Rule 2.3
Criminal Rule 2.3 outlines warrant and search procedures. CrR 2.3(c)[2] provides *480 that a warrant may only issue on a court determination of probable cause, and the affidavit establishing the grounds for issuance may be a document or "an electronically recorded telephonic statement."
We start by recognizing that CrR 2.3(c) is not entirely clear in its written warrant command. Therefore, principles of statutory construction guide our analysis of the rule. See State v. Hutchinson, 111 Wash.2d 872, 877, 766 P.2d 447 (1989). We interpret court rules in a manner that gives effect to the Supreme Courts intent and avoids absurd results. See State v. Kelly, 60 Wash.App. 921, 927, 808 P.2d 1150 (1991). We must construe the rules as a whole, giving effect to each provision. See State v. Merritt, 91 Wash.App. 969, 973, 961 P.2d 958 (1998).
We note at the outset that a provision in CrR 2.3(c) does contemplate telephonic procedures. The State asserts that this provision prescribes a method of warrant issuance in which the judge's oral determination of probable cause and subsequent oral description of items subject to seizure is the warrant. But this argument clearly reads CrR 2.3(c)'s telephonic provision too broadly. The rule contemplates only that the sworn testimony establishing the grounds for the warrant may be telephonic. This provision addresses a phase of the warrant process that precedes actual warrant issuance, and it therefore cannot validate the officers' actions here. The rule provides for no further telephonic procedures.
The rule does, however, contemplate further written procedures. After the court determines that probable cause exists, "it shall issue a warrant or direct an individual whom it authorizes for such purpose to affix the court's signature to a warrant identifying the property or person and naming or describing the person, place or thing to be searched." CrR 2.3(c). This command exposes three relevant points.
First, it establishes that the rule is sequentially ordered. The probable cause determination, which may be based on a written or telephonic affidavit, occurs before warrant issuance, not at the issuance phase. Thus, the telephonic procedures do not apply during the issuance phase. Second, it directs the issuance of a warrant, which under any reasonable construction requires a physical document. Third, it requires the affixation of the authorizing court's signature. A signature cannot be affixed to an oral authorization in a manner consistent with the rule. Although simplistic, these points show that the procedure prescribed in CrR 2.3(c) has a written warrant as its end-product. And a written warrant as the end-product of the warrant rules is consistent with our collective experience in the various phases of criminal prosecution.
As principles of statutory construction require that we harmonize CrR 2.3(c) with other relevant rules, we next turn to CrR 2.3(d).[3] That rule requires that "[t]he peace *481 officer taking property under the warrant shall give to the person from whom or from whose premises the property is taken a copy of the warrant and a receipt for the property taken" (emphasis added). As these words are perfectly clear, the Supreme Courts intent with respect to subsection (d) is not open to debate; it expected that the person searched would receive a physical document. Therefore, an oral warrant like the one at issue here does not satisfy the dictates of CrR 2.3(d).
Besides proving that CrR 2.3(c) requires a written warrant, section (d) has another function in this case. As the officers did not have a written warrant, they could not have given Ettenhofer a copy of one as the rule commands. Thus, the officers violated CrR 2.3(d) in addition to CrR 2.3(c).
These provisions establish that the Supreme Court intended a written, signed warrant when it enacted CrR 2.3(c). The requirement does not vanish when officers use the telephonic affidavit procedure. In such a situation, as here, after the court determines that probable cause exists, the officers must affix the authorizing courts signature to a properly executed, written warrant.
This analysis is consistent with a California court's construction of a similar rule.[4] As amended in 1970, the California Penal Code § 1526 prescribed the procedure for an affidavit establishing probable cause, creating a telephonic procedure analogous to ours. The rule stated, "[i]n lieu of the written affidavit... the magistrate may take an oral statement under oath which shall be recorded and transcribed. The transcribed statement shall be deemed to be an affidavit for the purposes of this chapter." Former Cal. Pen. Code § 1526(b) (1970). Section 1528 then commanded that, if the magistrate was satisfied that probable cause existed, he was to "issue a search warrant, signed by him with his name of office" (Former Cal. Pen.Code § 1528(a) (1970)), or he could "orally authorize a peace officer to sign the magistrate's name on a duplicate original warrant." Former Cal. Pen.Code § 1528(b) (1970).
In Bowyer v. Superior Court, 37 Cal. App.3d 151, 111 Cal.Rptr. 628 (1974), officers followed this telephonic affidavit procedure and obtained a magistrate's determination of probable cause. The officers then searched the defendant's property without a written warrant despite the magistrate's direction that they execute one and affix his signature. On appeal, the court stated,
the pertinent statutes do not authorize an oral search warrant ("telephonic" or otherwise) as such, nor do they authorize a search which is not preceded by an original [warrant] or by a written "duplicate original" of such [warrant] to which his name has been signed by a peace officer pursuant to the magistrates oral authorization. In the absence of any writing in this case as required by statute, the "telephonic" search warrant was wholly invalid.
Bowyer, 37 Cal.App.3d at 164, 111 Cal.Rptr. 628 (citations omitted).
The California courts approach to its rule is well-reasoned and, as its rule is similar to CrR 2.3(c), persuasive. Thus, by persuasive authority and a reasonable construction of the warrant rules as a whole, the officers transgressed CrR 2.3(c)s procedures when they searched Ettenhofers shops without a written, signed warrant, and they violated CrR 2.3(d) when they failed to give Ettenhofer a copy of such a warrant.
If our concern was only with these violations, we would next consider whether the violations prejudiced the defendant because, constitutional considerations aside, rules guiding the warrant procedure are ministerial and reversal, therefore, does not follow as a matter of course. See State v. Kern, 81 Wash.App. 308, 311, 914 P.2d 114, review denied, 130 Wash.2d 1003, 925 P.2d 988 (1996); see also State v. Wible, 113 Wash. App. 18, 25, 51 P.3d 830 (2002) "([A] ministerial mistake is grounds for invalidation of a search warrant only if prejudice is shown"). But because we conclude that the written warrant failure violated Ettenhofers constitutional rights against unreasonable searches, which renders the search invalid as a matter *482 of law, prejudice need not be shown. See State v. Clausen, 113 Wash.App. 657, 660, 56 P.3d 587 (2002) (Absent an exception, warrantless searches are invalid as a matter of law under the state and federal constitutions).

II. WASH. CONST, art. I, 7 and RCW 10.79.040
"No person shall be disturbed in his private affairs, or his home invaded, without authority of law." CONST. art. I, § 7. This provision, which is more protective of individual liberties than the Fourth Amendment, requires a warrant or recognized exception to the warrant requirement. See State v. Groom, 133 Wash.2d 679, 685, 947 P.2d 240 (1997). As the State does not contend that an exception applied here, the question we face is whether the oral, telephonic procedures employed satisfied the warrant requirement.
RCW 10.79.040 weighs heavily in our analysis. That statute makes it "unlawful for any policeman or other peace officer to enter and search any private dwelling house or place of residence without the authority of a search warrant issued upon a complaint as by law provided." RCW 10.79.040 (emphasis added).[5] The italicized phrase implements CrR 2.3, as that rule is the clearest statement on the warrant procedures. And as we indicated above, CrR 2.3(c) requires a written warrant. But RCW 10.79.040 is also of constitutional magnitude. In Groom, our Supreme Court stated that, "[w]ith respect to the `entering and search of [a] private dwelling house[ ] or place[ ] of residence,' RCW 10.79.040 implements article I, section 7 of the Washington State Constitution." Groom, 133 Wash.2d at 685, 947 P.2d 240 (citing State v. Cyr, 40 Wash.2d 840, 842, 246 P.2d 480 (1952), overruled on other grounds in State v. Ringer, 100 Wash.2d 686, 674 P.2d 1240 (1983)) (alterations in original).
Thus, the warrant requirements evident in CrR 2.3, RCW 10.79.040, and article I, section 7 are interrelated, and each must be interpreted with reference to the dictates of the others. As such, we conclude that the written warrant requirement so clearly evident in CrR 2.3 is also an aspect of the constitutional warrant requirement. Therefore, the telephonic procedure that the officers used here violated Ettenhofers rights under article I, section 7.
But Groom's relevance does not end with its statement on implementation. It further stressed that, to avoid absurd results, courts must interpret RCW 10.79.040 in light of the constitutional exceptions to the warrant requirement, such as search incident to arrest, consensual search, search under exigent circumstances, etc. Groom, 133 Wash.2d at 686, 947 P.2d 240. Otherwise, a warrantless search done under an exception or exigency would be unlawful under the statute. This would be totally incongruous. In this case, the search was warrantless, and the State does not assert that an exception applies.
Warrantless searches done without a valid exception are per se unreasonable under article I, section 7. State v. Ross, 141 Wash.2d 304, 312, 4 P.3d 130 (2000). And our Supreme Court has held that unreasonable searches require suppression of the illegally obtained evidence.[6]State v. White, 97 Wash.2d 92, 110, 640 P.2d 1061 (1982) ("[T]he language of our state constitutional provision constitutes a mandate that the right of privacy shall not be diminished by the judicial gloss of a selectively applied exclusionary remedy ... The important place of the right to privacy in Const. art. 1, 7 seems to us to require that whenever the right is unreasonably violated, the remedy must follow."); see also State v. Ferrier, 136 Wash.2d 103, 119, 960 P.2d 927 (1998). The fruits of this warrantless search must therefore be suppressed and Ettenhofers conviction reversed.
*483 As we have decided that the written warrant failure here violated article I, section 7, and as suppression was the appropriate remedy, we need not decide whether the warrant deficiency violated the Fourth Amendment as well. See State v. Johnson, 75 Wash.App. 692, 709 n. 9, 879 P.2d 984 (1994) (resolution of Fourth Amendment claim was unnecessary where search was unconstitutional under article I, section 7), review denied, 126 Wash.2d 1004, 891 P.2d 38 (1995).
Reversed.
We concur: ARMSTRONG, J., and QUINN-BRINTNALL, A.C.J.
NOTES
[1] Ettenhofer raises the issue of whether the officer who smelled the marijuana was properly on his premises or was in an area that was not "impliedly open." See State v. Seagull, 95 Wash.2d 898, 901-02, 632 P.2d 44 (1981) (when an officer detects contraband while lawfully present in impliedly open curtilage, that detection is not a search subject to constitutional protections). We do not address this issue because the warrantless search is dispositive.
[2] CrR 2.3(c) provides, in full,

[a] search warrant may be issued only if the court determines there is probable cause for the issuance of a warrant. There must be an affidavit, a document as provided in RCW 9A.72.085 or any law amendatory thereto, or sworn testimony establishing the grounds for issuing the warrant. The sworn testimony may be an electronically recorded telephonic statement. The recording or a duplication of the recording shall be a part of the court record and shall be transcribed if requested by a party if there is a challenge to the validity of the warrant or if ordered by the court. The evidence in support of the finding of probable cause shall be preserved and shall be subject to constitutional limitations for such determinations and may be hearsay in whole or in part. If the court finds that probable cause for the issuance of a warrant exists, it shall issue a warrant or direct an individual whom it authorizes for such purpose to affix the court's signature to a warrant identifying the property or person and naming or describing the person, place or thing to be searched. The court shall record a summary of any additional evidence on which it relies. The warrant shall be directed to any peace officer. It shall command the officer to search, within a specified period of time not to exceed 10 days, the person, place, or thing named for the property or person specified. It shall designate to whom it shall be returned. The warrant may be served at any time.
[3] CrR 2.3(d) provides, in full,

The peace officer taking property under the warrant shall give to the person from whom or from whose premises the property is taken a copy of the warrant and a receipt for the property taken. If no such person is present, the officer may post a copy of the search warrant and receipt. The return shall be made promptly and shall be accompanied by a written inventory of any property taken. The inventory shall be made in the presence of the person from whose possession or premises the property is taken, or in the presence of at least one person other than the officer. The court shall upon request deliver a copy of the inventory to the person from whom or from whose premises the property was taken and to the applicant for the warrant.
[4] The Federal Rules of Criminal Procedure are also similar. See FED.R.CRIM.P. 41(c)(2)(A).
[5] A violation of this statute by a peace officer constitutes a gross misdemeanor. RCW 10.79.045.
[6] We recognize that this rule does not apply without exception, viz, the doctrines of inevitable discovery and independent source. See State v. Richman, 85 Wash.App. 568, 576-77, 933 P.2d 1088 (inevitable discovery rule), review denied, 133 Wash.2d 1028, 950 P.2d 478 (1997); see also State v. Ludvik, 40 Wash.App. 257, 263, 698 P.2d 1064 (1985) (independent source doctrine). But these exceptions do not apply here.