IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 35272-2-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | PUBLISHED OPINION |
| | ) | |
| JOHN MARTIN MALING, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, A.C.J. — Under Washington's speedy trial rules, an individual incarcerated on criminal charges generally must be brought to trial within 60 days of arraignment. The time for trial period can be extended to 90 days if, prior to the expiration of the 60-day limit, the defendant is released from custody.

John Maling's case was placed on the superior court docket after the prosecutor noticed Mr. Maling's 60-day in-custody trial deadline was within hours of expiring.

Upon appearing before the court, the prosecutor made an oral motion for release. The

trial court granted the motion and Mr. Maling's speedy trial deadline was extended by

an additional 30 days.

On appeal to this court, Mr. Maling argues the trial court's release order was

invalid because it was not preceded by a written motion filed at least five days before the

court hearing. We are unpersuaded. Trial courts hold the responsibility for ensuring

compliance with speedy trial rules. The ability to meet this obligation is not hindered by

the technical requirements for motion practice applicable to litigants. The judgment of

conviction is therefore affirmed.

## BACKGROUND

On December 3, 2015, the State of Washington charged John Maling with three

counts of possession of a controlled substance with intent to deliver. Mr. Maling failed to

appear for an August 29, 2016, pretrial hearing, and the court issued a bench warrant for

Mr. Maling's arrest.

On September 1, 2016, Mr. Maling appeared in court for arraignment. The trial

court imposed $100,000 bail and scheduled the next hearing for October 10. Consistent

with CrR 3.3(c)(2)(ii), the trial court noted that, because of Mr. Maling's failure to appear

2

on August 29, the 60-day speedy trial period recommenced on September 1. As a result,

Mr. Maling's 60-day statutory speedy trial period would expire on October 31.

Mr. Maling never posted bail. The October 10 hearing did not occur due to an

apparent oversight.

On October 31, 2016, an unidentified third party alerted the prosecution that Mr.

Maling remained in custody. The prosecution then added Mr. Maling's case to the

court's afternoon docket for a hearing. Mr. Maling's counsel happened to be present at

the courthouse on the afternoon of October 31 on another matter and appeared in court

with Mr. Maling for the hearing, which commenced at approximately 3:30 p.m. During

the hearing, the State advised the court the case "[was] a mess." Report of Proceedings

(Oct. 31, 2016) at 9. The State requested the court either continue the trial schedule or

alternatively, release Mr. Maling.

Defense counsel objected to the court granting a continuance and argued the

speedy trial period had expired.[1] The defense also made an oral motion for dismissal.

---

[1] In subsequent written motions, defense counsel claims he objected to the court conducting the hearing on the basis of proper notice. The record before us does not bear this out. While defense counsel noted at the beginning of the hearing that he had not received advance notice, counsel did not object to the court holding a hearing. Instead, the defense objected to the relief given by the court by arguing that the speedy trial period had already run. The defense also asked for its own substantive relief in the form of dismissal.

The State asserted the 60-day deadline for trial would not expire for another hour and 47 minutes.

After hearing from the parties, the trial court ordered Mr. Maling's release from custody on his own recognizance. The court preserved Mr. Maling's right to later argue infringement of his speedy trial rights since Mr. Maling received only one hour's verbal notice of the October 31 hearing. The trial court recalculated his time for trial as being 90 days, rather than 60, from the September 1 arraignment. Jail authorities later released Mr. Maling on October 31.

Mr. Maling and the State later agreed to continue the trial beyond 90 days in part to allow for settlement negotiations, with Mr. Maling presumably reserving the right to object to violation of the 60-day incarceration speedy trial rule. On March 20, 2017, Mr. Maling filed a motion to dismiss for violation of his right to a speedy trial. The court denied the motion. Mr. Maling waived his right to a jury trial, and the court convicted Mr. Maling as charged.

## LAW AND ANALYSIS

Washington's speedy trial rule generally requires that a defendant held in custody be brought to trial within 60 days of arraignment. CrR 3.3(b)(1); *State v. Chavez-Romero*, 170 Wn. App. 568, 578, 285 P.3d 195 (2012). If the defendant is released

4

from jail prior to expiration of the 60-day limit, the time for trial is extended to 90 days. CrR 3.3(b)(3). The State can move for a defendant's release from custody in order to extend the speedy trial deadline and avoid dismissal. *Chavez-Romero*, 170 Wn. App. at 578-79. Should such motion be submitted, the defendant cannot request continued incarceration in order to force expiration of the speedy trial period. *State v. Kelley*, 60 Wn. App. 921, 926-27, 808 P.2d 1150 (1991).

Mr. Maling contends the trial court abused its discretion in ordering his release on October 31 because the State moved for release without first complying with the notice and motion requirements set by court rule. The rules referenced by Mr. Maling provide that requests for court orders must be made by written motion, unless presented during a hearing or trial. CrR 8.2; CR 7(b)(1). In addition, written motions must be served at least five days before the hearing at which they are to be decided. CrR 8.1; CR 6(d).

We disagree with Mr. Maling's technical objection to the trial court's disposition. The ultimate responsibility for enforcing Mr. Maling's speedy trial time fell on the court, not the prosecution. CrR 3.3(a)(1). Once the State's prosecutor learned Mr. Maling had not posted bail, he had a duty as a judicial officer to alert the court of the potential for a speedy trial violation so the court could take timely corrective action. *See State v. White*,

No. 35272-2-III
*State v. Maling*

94 Wn.2d 498, 502-03, 617 P.2d 998 (1980);[2] *State v. Jenkins*, 76 Wn. App. 378, 382-83, 884 P.2d 1356 (1994). Given the prosecutor only discovered Mr. Maling's continued incarceration on the 60th day of the in-custody speedy trial period, it was appropriate for the State to alert the trial court of a potential speedy trial problem by immediately placing Mr. Maling's case on the docket.

Once Mr. Maling was in court, the judge had discretion to consider oral motions, including a request for release so as to avoid a speedy trial violation. CR 7(b)(1); *Chavez-Romero*, 170 Wn. App. at 578-79; *Kelley*, 60 Wn. App. at 926-28. As soon as the court ordered release, Mr. Maling's time for trial period was extended by 30 days. CrR 3.3(b)(3); *Kelly*, 60 Wn. App. at 926 ("[W]hen a judge releases a defendant from custody, the 90 day limit becomes effective irrespective of whether he is released from custody on the 6th day or the 60th day."). Thus, although the 60-day speedy trial period was near its expiration, the period did not lapse. Mr. Maling did not suffer a speedy trial violation and his motion for dismissal was properly denied.

---

[2] A similar duty sometimes extends to defense counsel. *White*, 94 Wn.2d at 502-03; *State v. Carson*, 128 Wn.2d 805, 815, 912 P.2d 1016 (1996) ("[C]ounsel for a defendant bears some responsibility for asserting CrR 3.3 rights of a client and assuring compliance with the rule before the speedy trial period expires.").

No. 35272-2-III
*State v. Maling*

MOTION TO STRIKE FEES ASSESSED BY TRIAL COURT

Citing *State v. Ramirez*, __ Wn.2d __, 426 P.3d 714 (2018), Mr. Maling has filed

a motion to strike the $200 criminal filing fee and $100 deoxyribonucleic acid (DNA)

collection fee imposed by the trial court at sentencing. *Ramirez* was decided after the

close of briefing in this case. The decision held that the 2018 amendments[3] to

Washington's legal financial obligation scheme apply prospectively to cases on direct

review at the time of enactment. Of interest to Mr. Maling, the 2018 amendments

prohibit imposition of a $200 criminal filing fee on defendants who are indigent at the

time of sentencing as defined by RCW 10.101.010(3)(a)-(c). RCW 36.18.020(2)(h).

Also prohibited is the assessment of a DNA database fee if the State has previously

collected the defendant's DNA as a result of a prior conviction. RCW 43.43.7541.

The record before the court indicates Mr. Maling's request for relief is controlled

by *Ramirez*.[4] Specifically, Mr. Maling was indigent at the time of sentencing and

Mr. Maling's lengthy felony record indicates a DNA fee has previously been collected.

Accordingly, we grant Mr. Maling his requested relief and direct the trial court to strike

the $200 filing fee and $100 DNA fee from Mr. Maling's judgment and sentence.

---

[3] LAWS OF 2018, ch. 269
[4] The State has not responded to Mr. Maling's motion.

7

No. 35272-2-III
*State v. Maling*

## CONCLUSION

The judgment of conviction is affirmed. This matter is remanded to the trial court with instructions to strike the $200 filing fee and $100 DNA fee from Mr. Maling's judgment and sentence.

_____, A.C.J.
Pennell, A.C.J.

I CONCUR:

_____
Siddoway, J.

No. 35272-2-III

FEARING, J. (dissenting) — John Maling challenges his convictions for delivery of a controlled substance by arguing directly that the State provided insufficient notice of a motion to release him from incarceration and arguing indirectly that the State violated his rule based speedy trial rights. I agree and dissent from the majority's ruling.

On December 3, 2015, the State of Washington charged John Maling with three counts of possession of a controlled substance with intent to deliver. Maling failed to appear for an August 29, 2016, pretrial hearing, and the court issued a bench warrant for Maling's arrest.

On September 1, 2016, John Maling appeared in court for arraignment. The trial court required Maling to post $100,000 bail to ensure his appearance and scheduled the next hearing for October 10. The trial court noted that, because of Maling's failure to appear on August 29, the sixty-day speedy trial period recommenced on September 1. A failure to appear for a mandatory court hearing results in a resetting of the commencement date to the date of the defendant's next appearance. CrR 3.3(c)(2)(ii); *State v. Chavez-Romero*, 170 Wn. App. 568, 579, 285 P.3d 195 (2012). The sixty-day period would expire on October 31.

John Maling never posted bail.  Through an oversight the October 10 hearing did not occur because of a mistaken belief that the prison had released Maling.

John Maling did not appear in court again until October 31, 2016.  On October 31, some unidentified third party warned the prosecution that Maling remained in custody.  The prosecution added Maling's case to the afternoon trial docket for a 3:30 p.m. hearing.  Maling's counsel by happenstance was present at the courthouse on the afternoon of October 31 and received notice, at 2:30 p.m., from the prosecution that his client would appear for a hearing an hour later.  The record does not reflect the filing of any written notice for hearing or a written motion.  During the 3:30 Halloween hearing, the State advised the court that the case "[was] a mess" and requested a continuance of the trial schedule or, in the alternative, to release Maling.  Report of Proceedings (Oct. 31, 2016) at 9.

The majority writes that the record does not corroborate that John Maling's defense counsel objected to the October 31 hearing proceeding based on a lack of sufficient notice.  To the contrary, when entering an order denying Maling's motion to dismiss, the trial court entered a finding of fact that reads:

> 9.  Mr. Everett [defense counsel] objected to the hearing being held due to lack of notice to defense.

Clerk's Papers at 18.  The State assigns no error to this finding of fact and does not contend the finding to be erroneous.  An unchallenged finding of fact will be accepted as

2

a verity on appeal. *In re Contested Election of Schoessler*, 140 Wn.2d 368, 385, 998 P.2d 818 (2000). This Court will review only findings of fact to which error has been assigned. *In re Contested Election of Schoessler*, 140 Wn.2d at 385. We usurp our role as reviewing courts when rejecting an unchallenged finding of fact.

During the October 31 hearing, John Maling further objected to any trial continuance and argued that the speedy trial rules precluded any further processing of the case. Maling asked for dismissal of the prosecution. The State responded that the sixty-day deadline for trial did not expire until another hour and forty-seven minutes.

On October 31, the trial court ordered John Maling released from custody on his own recognizance. The court reserved Maling's right to later argue infringement of his speedy trial rights and to contend that he received improper notice of the October 31 hearing. The trial court recalculated his time for trial under ninety days rather than sixty days from the September 1 arraignment. Jail authorities later released Maling on October 31.

John Maling and the State later agreed to continue the trial beyond the ninety days in part to allow for settlement negotiations, with Maling presumably reserving the right to object to violation of the sixty-day incarceration speedy trial rule. On March 20, 2017, Maling filed a motion to dismiss for violation of his right to a speedy trial. The court denied the motion. Maling waived his right to a jury trial, and the court convicted Maling on all three counts.

No. 35272-2-III
*State v. Maling* (dissent)


John Maling raises only one assignment of error on appeal. He contends the trial court erred when denying his motion to dismiss because the statutory time for trial expired.

Under a Washington court rule, a defendant generally must be brought to trial within sixty days of arraignment if held in custody on the charge for which he or she was arraigned or within ninety days of such arraignment if released on that charge. CrR 3.3(b)(1)-(2); *State v. Chavez-Romero*, 170 Wn. App. at 578 (2012). If the State releases the defendant from jail before the expiration of the sixty-day time limit, the time limit shall extend to ninety days. CrR 3.3(b)(3); *State v. Chavez-Romero*, 170 Wn. App. at 578.

The trial court released John Maling from jail on his own recognizance on October 31 solely because the sixty-day trial deadline expired later that day and the State had failed to bring Maling to trial. Case law allows the trial court, on motion by the State, to release a prisoner from incarceration in order to avoid the sixty-day deadline even if the deadline's expiration looms because of mistakes by the prosecution. A judge holds the discretion to release a defendant specifically for the purpose of extending the time for trial period. *State v. Chavez-Romero*, 170 Wn. App. at 578-79; *State v. Kelley*, 60 Wn. App. 921, 928, 808 P.2d 1150 (1991). A defendant possesses no right to resist release in order to cause the speedy trial rule to expire and compel dismissal of the prosecution. *State v. Kelley*, 60 Wn. App. at 926.

4

John Maling may agree that the trial court held authority to release him on the sixtieth day after his arraignment. He focuses his argument instead on the State's purported failure to properly schedule the sudden October 31 hearing. He contends that the State failed to comply with the requirements of CrR 8.2 and CR 7(b) when abruptly scheduling the October 31 hearing. I agree.

CrR 8.2 addresses notice for motions in criminal prosecutions. The rule tersely reads:

> Rules 3.5 and 3.6 and CR 7(b) shall govern motions in criminal cases.

CrR 3.5 concerns a State motion to admit an incriminating statement uttered by the defendant and CrR 3.6 concerns a defense motion to suppress evidence, so neither rule bears relevance to this appeal. CR 7(b)(1), a civil rule, declares:

> *An application to the court for an order shall be by motion which, unless made during a hearing or trial, shall be made in writing,* shall state with particularity the grounds therefor, and shall set forth the relief or order sought. The requirement of writing is fulfilled if the motion is stated in a written notice of the hearing of the motion.

(Emphasis added.)

John Maling argues the State violated CR 7(b)(1) by failing to afford him written notice of the October 31 application for an order releasing him from custody. In response, the State argues it did not need to provide written notice because it made the application during a hearing that it scheduled for October 31. The State emphasizes the

5

portion of CR 7(b)(1) that allows an unwritten motion if made during a hearing.

A literal reading of CR 7(b)(1) supports the State's position. The State orally asked the trial court for release during an October 31 hearing. Nevertheless, the State's argument leads to extreme and prejudicial results. The State could withhold a written motion on any number of and all varieties of applications to the court, other than a CrR 3.5 motion to introduce a confession at trial, give oral notice to the defense attorney minutes before a hearing, and then ask for such relief. Such an application could include critical pretrial motions such as a motion for a trial continuance, motion to remove a judge, motion to exclude a witness, or a motion in limine. The defense would be prejudiced by such a tactic since it would not have time to prepare a response. The reading of CR 7(b)(1) by the State would negate the rule's requirement of a written motion since the State could simply orally schedule and argue all motions at a time convenient for the State.

The State's argument fails to observe that it had no hearing scheduled for the prosecution against John Maling for the afternoon of October 31 until it scheduled the emergency hearing to release John Maling. For CR 7(b)(1) to be fair to both parties and not lead to extreme results, the court must read the rule to limit the presentation of oral motions at hearings when a party already properly scheduled a hearing on another written application or during trial. This court interprets court rules in the same manner as statutes. *State v. Davis*, 3 Wn. App. 2d 763, 788, 418 P.3d 199 (2018). This court strives

to avoid unlikely or absurd results in its interpretation of statutes. *State v. Davis*, 3 Wn.

App. 2d at 788.

I note that written applications to the court or motions must usually afford the

opposing party one week's notice. CrR 8.1 curtly declares:

Time shall be computed and enlarged in accordance with CR 6.

In turn, the first sentence of CR 6 reads:

**(d) For Motions—Affidavits.** A written motion, other than one
which may be heard ex parte, and notice of the hearing thereof shall be
served not later than 5 days before the time specified for the hearing, unless
a different period is fixed by these rules or by order of the court.

I observe, however, that the State need not always give the defendant five days' notice to

release a defendant, but could seek on occasion for good cause an order shortening time

for a written motion. A trial court has discretion when ruling on a motion to shorten

time. *State ex rel. Citizens Against Tolls (CAT) v. Murphy*, 151 Wn.2d 226, 236, 88 P.3d

375 (2004). A deviation from the normal time limits is permitted as long as there is

ample notice and time to prepare. *Loveless v. Yantis*, 82 Wn.2d 754, 759, 513 P.2d 1023

(1973). In the case on appeal, the State never sought an order shortening time.

The State posits that motions to release or reduce bail are routinely made during a

hearing without notice to the opposing party. For support, the State leans on *State v.*

*Chavez-Romero*, 170 Wn. App. 568 (2012). But in *Chavez-Romero*, the State brought its

motion to release the defendant at a previously scheduled pretrial hearing and one week

7

before the expiration of the sixty-days from arraignment.

One might argue that the State need not give the defense any notice when releasing the defendant from incarceration. After all, the defendant wishes release from imprisonment. Release benefits the defendant. An Illinois decision militates against this position, however. An Illinois Court of Appeals wrote:

> The release of any defendant must be accomplished in an orderly and legitimate manner. It is an absurd argument that a defendant can be incarcerated for a period of time only to be released upon the caprice of the sheriff or the State's attorney in order to avoid the [speedy trial] rule.

*People v. Gooding*, 21 Ill. App. 3d 1064, 1067, 316 N.E.2d 549 (1974), *rev'd*, Ill. 2d 298, 335 N.E.2d 769 (1975). Washington's CrR 3.2, in keeping with the teachings of *Goodman*, requires a court order for release of an incarcerated defendant along with the rule outlining an orderly procedure for the release.

When a trial court denies a motion to dismiss for speedy trial purposes, the appellate court reviews that decision for an abuse of discretion. *State v. Chavez-Romero*, 170 Wn. App. at 577. Failure to enforce the requirements of rules can constitute an abuse of discretion. *State v. Neal*, 144 Wn.2d 600, 609, 30 P.3d 1255 (2001). I would hold that the trial court abused its discretion by not enforcing CrR 8.2 and CR 7(b)(1). I would further hold that the order releasing John Maling from incarceration to be void because of lack of proper notice and the absence of a written motion. A court lacks jurisdiction to rule on a motion that has not been properly noticed for hearing on the date in question

because improper notice implicates fundamental principles of justice and due process.
*Diaz v. Professional Community Management, Inc.*, 16 Cal. App. 5th 1190, 1204-05, 225
Cal. Rptr. 3d 39 (2017); *Puckrein v. Jenkins*, 884 A.2d 46, 52 (D.C. 2005); *First Western
Bank of Minot v. Wickman*, 464 N.W.2d 195, 196 (N.D. 1990).

The majority writes that trial courts have the ultimate responsibility for ensuring
compliance with speedy trial rules. Majority at 5. Of course, this proposition rings true.
But enforcement of the speedy trial rules entails dismissing a case if the State violates the
rules, not breaching other procedural rules in order to skirt the speedy trial rules. In a
case cited by the majority, *State v. White*, 94 Wn.2d 498, 617 P.2d 998 (1980), the
Supreme Court observed the importance of the right to a speedy trial and the need for the
court to enforce the right. Nevertheless, the Supreme Court upheld CrR 3.3 by
dismissing the prosecution, not by violating another procedural rule.

The majority also writes that the "technical requirements for motion practice"
should not hinder a trial court's ability to ensure compliance with the speedy trial rules.
Majority at 2. In turn, the majority refers to John Maling's attempt to enforce the notice
rules as a "technical objection." Majority at 5. Presumably the majority depreciates
Maling's appeal by branding his arguments as "technical objections" and belittles the
requirements for motion practice by labeling those requirements as "technical."
Nevertheless, the majority does not expressly identify those technical requirements or
explain its reason for downplaying the requirements as "technical." To repeat, a court

9

lacks jurisdiction to rule on a motion that has not been properly noticed for hearing on the date in question because improper notice implicates fundamental principles of justice and due process. *Diaz v. Professional Community Management, Inc.*, 16 Cal. App. 5th at 1204-05 (2017); *Puckrein v. Jenkins*, 884 A.2d at 52 (D.C. 2005); *First Western Bank of Minot v. Wickman*, 464 N.W.2d at 196 (N.D. 1990). Notice requirements are not "technical requirements." Due process is not a technicality. A party and his or her attorney should not be burdened with responding to an important motion by notification to the attorney one hour in advance when the attorney walks the halls of the courthouse in order to attend to other clients and other cases.

The majority cites *State v. White*, 94 Wn.2d 498 (1980), *State v. Jenkins*, 76 Wn. App. 378, 884 P.2d 1356 (1994), and *State v. Carson*, 128 Wn.2d 805, 912 P.2d 1016 (1996) for the proposition that defense counsel sometimes holds the duty to alert the court of the potential for a speedy trial violation. The majority does not enlighten the reader as to how the duty implicates the outcome of this appeal or how John Maling's counsel violated any duty.

In *State v. White*, the Supreme Court limited any such duty to warn of speedy trial complications to the time when the superior court schedules the trial date. In *State v. Jenkins*, this court affirmed dismissal of a criminal charge because of violation of the speedy trial rule. The ruling implied that defense counsel had no duty under the circumstances to warn of an impending expiration of the trial deadline. The *Jenkins* court

10

noted that the State, not the defense, held the duty to timely bring the prosecution to trial.

In *State v. Carson*, the prosecutor and the trial court mistakenly calculated the expiration of the speedy trial timeline, while defense counsel knew of the correct date. The court ruled that defense counsel, during discussions with the court and counsel, should have disclosed the correct date.

In John Maling's appeal, the State does not accuse defense counsel of failing to correct, at the time of a scheduling hearing, any mistaken belief as to the expiration of the speedy trial rule. We have no information that Maling's defense counsel knew that Maling remained incarcerated or that the sixty-day period was about to expire. No case stands for the proposition that defense counsel must alert the court to the expiration of the period outside of the context of a trial setting hearing or appear at a hearing without proper notice and waive proper notice. In other decisions, Washington courts have rejected an obligation on defense counsel to warn of speedy trial right violation. *State v. Raper*, 47 Wn. App. 530, 736 P.2d 680 (1987); *State v. Lemley*, 64 Wn. App. 724, 828 P.2d 587 (1992).

The State argues that, assuming a written motion was required, it could have provided John Maling with written notice of its motion on October 31, noted the motion for hearing on November 7, and thereby complied with the writing and notice requirement of CR 6(d). CrR 3.3(g) provides for a cure period, during which the court may continue a case beyond the limits of CrR 3.3(b) on a motion of a party made within

11

five days after the time for trial has expired. The State may be correct that it might have later cured the rule violation, but the trial court could have exercised discretion and rejected the cure. Nevertheless, the State never followed the rule and sought the cure. Courts do not base decisions on what could have been done, but what was not done.

John Maling also contends that the sixty-day period expired on October 31 because the case was not called for trial on October 31. In other words, according to Maling, the period elapsed before the afternoon hearing and his release from jail. I need not address this argument since I would hold in favor of Maling on other grounds. The majority leaves this contention unaddressed.

Since Maling's trial did not occur within sixty days and since his release from jail was not pursuant to an orderly process, I would dismiss the charge with prejudice. CrR 3.3(h); *State v. Chavez-Romero*, 170 Wn. App. at 584-85 (2012).

_____
Fearing, J.

12